**SCHAFF et al. v. MASON et al.**   (No. 2275.)

(Court of Civil Appeals of Texas. Texarkana. May 26, 1920. Rehearing Denied June 3, 1920.)

1. Railroads  ⬤═400(10)—Contributory negligence of pedestrian on footpath held for jury.

In an action for the death of a pedestrian struck by locomotive while walking along pathway running parallel with track, contributory negligence *held* a question for the jury.

2. Railroads  ⬤═265 — Railway company not proper or necessary party in negligence action against receiver.

In a negligence action against railroad in hands of receiver, the railway company is neither a proper nor necessary party to such action.

3. Costs  ⬤═237—On dismissal on defendant's appeal from judgment for plaintiff, costs taxed against plaintiff.

In negligence action against railroad and receiver thereof, where Court of Civil Appeals, on appeal by receiver and railroad from judgment for plaintiffs, dismisses action as to railroad on ground that it was not a necessary or proper party, the costs incurred by the railroad will be taxed against plaintiffs, though judgment is affirmed as to receiver.

Appeal from District Court, Cass County; J. A. Ward, Special Judge.

Action by Mrs. Fannie Mason and others against C. E. Schaff, receiver, and others. Judgment for plaintiffs, and defendants appeal. Affirmed as reformed.

J. H. Mason was killed by a passenger locomotive while walking to the depot in a pathway running parallel with the railway track. The wife and minor children of Mr. Mason bring the suit to recover damages for his alleged wrongful death. The negligence alleged is failure to give warning of the approach of the train. The defendants answered by general denial and contributory negligence of the deceased.

The jury made answers to special issues that appellants were guilty of negligence as alleged, and that the deceased was not guilty of contributory negligence, and that damages were suffered in the sum specified in the verdict.

At the time the deceased was killed, he was going east to the depot at Hughes Springs to meet the east-bound train. He was struck in the back by the pilot of the engine and instantly killed. At the time he was struck he was not far from the depot, walking in a path-

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

way between the main line and the house track which had been for a long time habitually used by the public in going to and returning from the depot. At some places the pathway approached near the ties of the main line track, and deceased was near the ties. He was not walking between the rails. The track is straight for something like a half mile from the depot east. Approaching the depot the track is slightly downgrade. The house track was filled up with cars. A freight train headed west was standing near by on the passing track, and was making considerable noise. There is a conflict in the evidence as to whether the whistle was blown and the bell rung before the deceased was struck. The jury finding is that the bell was not rung and the whistle was not blown. There is evidence to show that the engineer and fireman were in a position to readily see, and that they did in fact see, the deceased before he was struck, and that they knew that he did not either see or know of the approaching train behind him. The train could have been stopped in time to avoid injuring deceased after his peril was discovered. There is evidence to support the findings of the jury on the special issues submitted to them, and such findings are here adopted as the findings of fact.

Schluter & Singleton, of Jefferson, for appellants.

S. P. Jones, of Marshall, for appellees.

LEVY, J. (after stating the facts as above). [1] It is insisted by appellants that the deceased met his death as a proximate result of his own negligence. Considering all the facts and circumstances in evidence, it is thought that there was an issue of fact to be decided by the jury as to whether or not the deceased was guilty of contributory negligence. And the evidence was such, we think, as to authorize a finding by the jury in favor of the appellees on that point. Therefore assignments of error Nos. 3, 4, 5, and 6 are overruled.

Reversible error is not warranted under the seventh assignment of error if the other findings, as they do, authorize the judgment rendered by the court. Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672.

The deceased was a comparatively young man and had a long expectancy of life. The money he earned and the value of the farm products raised by him authorized the amount of the verdict. The verdict is not excessive, and therefore assignment of error No. 8 should be overruled.

[2] We concluded that the railway company as such was not a proper or necessary party to this suit, and that the judgment against the railway company as such should be reformed so as to dismiss them from the suit.

The question raised in the second assignment of error has been heretofore determined against the contention made by the appellants. Lancaster v. Keebler, 217 S. W. 1117. The judgment in this case expressly protects the receiver in the payment of the claim.

[3] The judgment as reformed eliminating the railway company is affirmed. The costs incurred by the railway company as such are taxed against the appellees.