PAYNE, Director General of Railroads, et al. v. CUMMINS. (No. 6380.)

(Court of Civil Appeals of Texas. Austin. June 22, 1921. Supplemental Opinion June 29, 1921.)

1. Waters and water courses ⊜⊐125—Evidence of damages for overflow insufficient.

In an action against a railroad for damages arising from overflows on plaintiff's land and crops, evidence as to the damages to plaintiff's crops *held* insufficient to sustain an award for more than the sum of $25.

2. Waters and water courses ⊜⊐125 — Damages recoverable for overflow.

If plaintiff's crops had not matured and were not ready for harvesting at the time of their overflow caused by defendant railroad and the Director General of Railroads, the charge of the court should be so framed that the expense of cultivation should be taken into consideration, as well as that of harvesting, on the measure of damages; also the charge should guard against assessment of any damages for permanent injuries for any period barred by limitation.

3. Waters and water courses ⊜⊐125—Damages for deprivation of use of land through overflow and for permanent injuries not double.

In an action against a railroad for damages to plaintiff's land and crops through overflows, damages for deprivation of the use of the land in a year and also for permanent injury to the land for the same period did not overlap nor constitute double damages; such elements being separate and distinct.

4. Waters and water courses ⊜⊐126(1) — Plaintiff required to plead character of crops damaged by overflows.

In an action against a railroad for damages to plaintiff's land and crops by overflows, refusal of the trial court to sustain special exceptions to parts of the petition and plaintiff's trial amendment, especially with relation to the failure of the petition to advise defendants of the character of the crops it was claimed plaintiff was prevented from raising by virtue of the overflows, *held* erroneous; plaintiff should have been required to plead the character of crops he was prevented from raising and the character of crops which it was alleged were damaged.

5. Waters and water courses ⊜⊐126(1) — Averments of petition for damages to land and crops from overflows sufficient.

In an action against a railroad for injuries to plaintiff's land through overflows, where the claim was for permanent injury to the entire land, the averments were sufficient to admit proof of only partial injury to the land as against exceptions that the pleadings did not apprise defendants of the area or quantity permanently injured.

Appeal from District Court, McCulloch County; J. O. Woodward, Judge.

Suit by H. C. Cummins against John Barton Payne, Director General of Railroads, etc., and another. From judgment for plaintiff, defendants appeal. Judgment affirmed on filing of remittitur by plaintiff.

Terry, Cavin & Mills, of Galveston, Newman & McCollum, of Brady, and Lee, Lomax & Wren, of Fort Worth, for appellants.

Adkins & Adkins, of Brady, and Baker & Weatherred, of Coleman, for appellee.

BRADY, J. Appellee sued appellants, Gulf, Colorado & Santa Fé Railway Company and John Barton Payne, Director General of Railroads, Agent, for damages arising from overflows upon his land and crops. The cause of the injuries was alleged to be the improper construction and maintenance by defendants of a dam and embankment and culvert or bridge adjacent to the land. The verdict of the jury on special issues was in favor of plaintiff, and awarded damages in the sum of $600.

Only the principal questions raised will be discussed, and, for convenience, they will be considered out of their order.

Certain assignments present the point that the verdict and judgment are contrary to the evidence and against the overwhelming preponderance of the testimony, in that the undisputed testimony shows that the natural flow of the water was not diverted upon the land of plaintiff, but was caused by the natural drainage of the land. We agree with counsel that there was much testimony for defendants, tending to support their theory. But the evidence was conflicting. We are unable to say that either the undisputed evidence or the physical facts show a compliance by the defendants with their statutory duty. Therefore these assignments are overruled.

[1] Appellants also complain of the verdict, urging that the evidence was wholly insufficient to show damages in the sum of $75 to crops injured during the year 1919, and also insufficient to sustain the award of $525 for permanent injury to the land. As to the latter item, while the evidence is conflicting, we

---

⊜⊐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

think it sufficient to sustain the verdict. As to the award of $75 for damage to the crops, the only witness to whose testimony we have been cited directly upon the amount of the injury was that of the witness Hanson, who fixed the value of the cotton destroyed, after deducting the price of picking and marketing, at $25. The testimony of the plaintiff is exceedingly uncertain and unsatisfactory, and we are inclined to the view that the evidence was too indefinite and uncertain to sustain more than the sum of $25, estimated by Mr. Hanson.

[2] In view of the fact that we have concluded that there was reversible error, and since there may be another trial of the case, we think it proper to say that appellants are right in their contention that, if the crops had not matured and were not ready for harvesting at the time of the overflow, the charge of the court should be so framed as that the expense of cultivation should be taken into consideration as well as that of harvesting. We also suggest that the charge should guard against permitting the jury to assess any damages for permanent injuries for any period for which the damages may appear to be barred by limitation. The criticism, leveled against the court's submission of this issue, as to the form of the question, appears to be well taken.

[3] Appellants also raise the point that the trial amendment alleged damages for deprivation of the use of the land in the year 1920, and also for permanent injury to the land for the same period, which would amount to a claim of double damages. If the point be conceded, it does not affect the result of this appeal, since the jury did not make any allowance for deprivation of the use of the land for the year stated. Indeed, no such issue was submitted to the jury. The recovery was only for the crops during the year 1919, and permanent injury to the land. It has not been shown that these recoveries were overlapping, nor that the items constituted double damages. Under the principles announced in Railway Co. v. Anderson, 79 Tex. 427, 15 S. W. 484, 23 Am. St. Rep. 350, and Clark v. Dyer, 81 Tex. 339, 16 S. W. 1061, we think these elements were separate and distinct, and do not constitute the recovery of double damages. These cases have been cited with approval in numerous cases collated in Rose's Texas Notes.

[4] Appellants complain of the refusal of the trial court to sustain certain special exceptions to parts of the petition and plaintiff's trial amendment, especially with relation to the failure of the petition to advise defendants what character of crops it was claimed plaintiff was deprived from raising by virtue of the overflow and washing of his land. We sustain the contention, and, in view of the uncertain testimony as to the amount of the damages to the crops, we think it was reversible error to overrule the exception. The question is a close one, but we are of the opinion that plaintiff should have been required to plead the character of crops he was prevented from raising and the character of crops which it was alleged were damaged. This information was within the knowledge of plaintiff, and could readily have been given. It was proper that defendants should be appraised thereof, in order to properly prepare their defenses and procure their testimony in support thereof.

[5] There is a similar complaint at the refusal of the trial court to sustain exceptions to the pleading claiming damages for permanent injuries to the land. The specific point is that the pleadings did not apprise defendants of the area or quantity of land alleged to have been permanently injured. As we view the petition and trial amendment, the claim was for permanent injury to the entire land. Regardless of the proof on the subject, the averments were sufficient, as against the exceptions, to admit proof of only partial injury to the land.

All other assignments have been carefully considered, and are overruled.

For the error indicated, the judgment will be reversed, and the cause remanded, unless appellee should see fit, within ten days from this date, to enter a remittitur of $75, the amount of his recovery for damages to the crops. If this item should be remitted, the judgment will be reformed and affirmed for the balance of the recovery.

Reversed and remanded.

### Supplemental Opinion.

The error for which this case was reversed and remanded related to appellee's claim for damages to his crops. We indicated in the original opinion that, if this item should be remitted, the judgment would be reformed and affirmed for the balance of the recovery. This the appellee has now voluntarily done. The remittitur being on file, such item will be eliminated, and the judgment affirmed for the balance.

Reformed and affirmed.