# DECEMBER, 1921

C. E. Schaff, Receiver, et al. v. Mrs. Fannie A. Mason et al.

No. 3534.   Decided December 7, 1921.

(235 S. W., 520.)

1.—Railway—Receiver—Governmental Operation.

A receiver of a railroad which was taken over and being operated by the Government under the control of the Director General of Railroads at the time of the injury inflicted by one of its trains cannot be held responsible for the damage sustained.   (P. 390).

2.—Practice in Supreme Court—Fundamental Error not Assigned.

Error, even though fundamental, not assigned in the application for writ of error, will not be considered by the Supreme Court.  Harris v. Shafer, 86 Texas, 318:  Scalfi v. State, 96 Texas, 560;  Ft. Worth & R. G. Ry. Co. v. Robertson, 103 Texas, 507, followed.   (P. 391).

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Cass County.

Mrs. Mason, on behalf of herself and her children, sued the Missouri, K. & T. Ry. Co., Charles E Schaff, Receiver of its property, and W. D. Hines, Director-General of Railroads, for injuries from the death of her husband who was killed by being struck by a train.   The road, at the time of the injury to deceased, had been taken out of the hands of Schaff who was operating it as receiver, and was then operated by the Government under the Director-General of Railroads.   Judgment was recovered in favor of plaintiff against the railway company, the receiver, and the Director-Generl. On appeal (222 S. W., 288) the Court of Civil Appeals reversed and dismissed the case as to the Railway Company, but affirmed the judgment as to the receiver and the Director-General, and they obtained writ of error.

C. C. Huff, Schluter & Singleton, and A. H. McKnight, for plaintiffs in error.

A receiver of a railroad that was taken over and is being operated by the Government under Federal control at the time of the injury inflicted by one of its trains cannot be held responsible for the damages sustained.   Act of August 29, 1916, C. 418, 39 Stat., 465; Act of March 21, 1918; C. 25, 40 Stat., 451; President's Proclamation of December 26, 1917; Northern Pacific Ry. Co. v. State of North Da-

kota, 250 U. S., 135; Southern Cotton Oil Co. v. Atlantic Coast Line Ry. Co., 257 Fed., 138; Baker v. Bell, 219 S. W., 245; G. H. & S. A. Ry. Co. v. Wurzbach, 219 S. W., 252; Cravens v. Hines, 218 S. W., 912; Dooley v. Pennsylvania R. R. Co., 250 Fed., 142; Wainwright v. Pennsylvania R. R. Co., 253 Fed., 459; Dahn v. McAdoo, 256 Fed., 549; Nash v. Southern Pac. Co., 260 Fed, 780; Rhodes v. Talum, 206 S. W., 114; West v. N. Y. N. H. & H. R. Co., 123 N. E., 621; Sagona v. Pullman Co., 174 N. Y. Supp., 536; Castle v. Southern Ry. Co., 99 S. E., 846; The Director-General's General Order 50-A.

Where a pedestrian walks between a main line and a house track which are far enough apart for a person to go between them in safety with a train on each track, the whole space between the tracks being level and suitable for walking, and goes so near the main line that he is struck by a train approaching from behind about three o'clock in the afternoon, and the evidence shows without conflict that the track in the direction from which the train came was unobstructed for more than a quarter of a mile, that he was familiar with the time of the train and its manner of operation and was on his way to the depot to meet the train when struck—these facts show negligence on his part as a matter of law, and a judgment for damages because of his death cannot be sustained where the only negligence charged was a failure to ring the bell, blow the whistle or give other warning to advise him of the approach of the train. G. C. & S. F. Ry. Co. v. Matthews, 100 Texas, 63; M. K. & T. of Texas v. Wall, 102 Texas, 362; I. & G. N. Ry. Co. v. Edwards, 100 Texas, 22; T. & P. Ry. Co. v. Breadow, 90 Texas, 26.

The trial court erred in rendering judgment against plaintiff in error and the Court of Civil Appeals erred in affirming such judgment, because the cause of action is statutory and that part of Article 4694 of the Revised Civil Statutes of Texas which undertakes to create a cause of action for death injuries against the receivers of corporations or against persons other than the corporations themselves is invalid for the reason that the title of the act of which such statute is a part does not embrace such subject matter. Rodgers v. Tobias, 225 S. W., 804; Anderson v. Smith, 231 S. W., 142; Turner v. Cross & Eddy, 83 Texas, 218; United States v. Nixon et al 235 U. S., 231; United States v. Harris, 177 U. S., 305; State v. Hines, 228 S. W., 667; Black, Interpretation of Laws, 2d Ed. p. 579; State v. Andrews, 20 Texas, 230; Campbell v. Youngson, 114 N. W., 415; Equtable Guar. & Tr. Co. v. Donahoe, 49 Atl., 372.

*S. J. Jones, Jones, Sexton, Casey & Jones* and *Bartlett & Pitman*, for defendants in error.

It has been settled by the opinion of the Court of Civil Appeals of the Sixth Supreme Judicial District in the case of Wight, Rece-

iver, v. Keebler, 217 S. W., 1117, that judgment was properly rendered against the Receivers.

Burden of proof on appellants to show contributory negligence. Moye v. Beaumont S. L. & W. Ry. Co., 212 S. W., 471, and cases cited, 476. Contributory negligence question for the jury. Adams v. Galveston H. & S. A. Ry. Co., 164 S. W., 853; St. L. & S. W. Ry. Co. of Tex. v. Douthit, 208 S. W., 201; T. & N. O. Ry. v. Harrington, 209 S. W., 685, on motion for rehearing, 692; Fort Worth & D. C. Ry. Co., v. Gober, 211 S. W., 305.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Defendants in error recovered a judgment in the District Court against the Missouri, Kansas & Texas Railway Company of Texas, and against plaintiffs in error, Charles E. Schaff as receiver of the property of said Railway Company, and W. D. Hines, Director General of Railroads, for damages sustained by them from the death of J. H. Mason, the husband of defendant in error Mrs. Fannie A. Mason and the father of the other defendants in error. The death of J. H. Mason was alleged to have been the proximate result of negligence on the part of employees of the Railway Company, the Receiver and the Director General, in the operation of a passenger train, which struck and killed J. H. Mason.

It was shown that the train which struck J. H. Mason and thus caused his death was at the time being operated by the Director General of Railroads, through his employees, though it was a part of the property of the Missouri, Kansas & Texas Railway Company, which was, prior to federal control, in the hands of C. E. Schaff as Receiver.

On appeal, the Texarkana Court of Civil Appeals affirmed the judgment of the District Court as against both the Receiver and the Director General of Railroads, but dismissed the suit as to the Railway Company. 222 S. W., 288.

A writ of error was granted, on application of the Receiver and of the Director General, because of the conflict between the decision of the Texarkana Court of Civil Appeals, in ordering an affirmance as against the Receiver, of the judgment rendered on a cause of action arising during federal control, and the decisions of the San Antonio Court of Civil Appeals in the cases of Baker v. Bell, 219 S. W., 246 and Galveston H. & S. A. Ry. Co. v. Wurzbach, 219 S. W., 253.

After the writ of error was granted, it was determined by the Supreme Court of the United States that the Director General alone was liable and suable, on causes of action arising while the government was operating the railroads, Missouri P. R. Co. v. Ault, 256 U. S. 554, No. 16 U. S. Supreme Court Advance Opinions, page 647.

Thereupon, defendants in error filed a motion asking that the judgment of the Court of Civil Appeals be forthwith reformed, so as

to deny defendants in error a judgment against the Receiver and so as to award them a judgment against the Director General. The motion was denied, but the court itself advanced the cause, so that same was promptly submitted.

We have considered all the assignments in the petition for writ of error, and are of the opinion, as we were when the writ of error was allowed, that the questions presented were all properly determined by the opinion of the Court of Civil Appeals, save the question as to the liability of the Receiver. The cited opinion of the Supreme Court of the United States settles that there was no liability on the part of the Receiver and that it was error to affirm the District Court's Judgment in so far as the same was against the Receiver.

This disposes of every question presented in the petition for writ of error. But, by oral and written argument, on submission of this cause, plaintiffs in error raise and seek to have determined, whether the judgment is not fundamentally erroneous under the state of the law, when Mason was injured, with respect to a receiver's liability for injuries resulting in death, caused by negligence of the receiver's servants. So well settled is the practice in this court, which denies a reversal to a plaintiff in error, for errors not assigned in his petition, that new assignments are never considered, no matter what may be their nature, even when presented in an amended petition for writ of error, unless the amended petition is filed within thirty days from the date on which motion for rehearing is overruled in the Court of Civil Appeals, as required by article 1541 of the Revised Statutes.

In Harris v. Shafer, 86 Texas, 318, 24 S. W., 264 it was said: "This court will only consider questions which were presented to the Court of Civil Appeals, and are presented to this court by the application for a writ of error."

Scalfi v. State, 96 Texas, 560, 73 S. W., 441, presented the question whether the Supreme Court would reverse on specifications of fundamental error, not assigned in the petition for writ of error, but set up in the motion for rehearing. The question is determined in the negative in Chief Justice Gaines brief but positive opinion.

Just as here, a reversal was sought on assignments of fundamental error, not set up in the petition for the writ of error, but presented in argument, in Ft Worth & R. G. Ry. Co. v. Robertson, 103 Texas, 507 (121 S. W., 202, 131 S. W., 400, Ann. Cases, 1913A, 231). It was again decided that the court was confined to the assignments in the petition.

The assignments not presented by plaintiffs in error in the petition for writ of error will not be considered.

It is ordered that the judgment of the Court of Civil Appeals in so far as it dismisses the Missouri, Kansas & Texas Railway Company of Texas from this suit and in so far as it affirms the judgment

of the lower court in favor of the plaintiffs against the defendant, Director General of Railroads, be affirmed; and, that the judgment of the Court of Civil Appeals, in so far as it affirms the judgment in favor of the plaintiffs against C. E. Schaff as Receiver of the property of the Missouri Kansas & Texas Railway Company of Texas be reversed, and that said Receiver be dismissed from this suit. The Receiver wll recover of defendants in error all his costs.

*Affirmed in part, and in part reversed and rendered.*