CURETON, C. J. The opinion of the Commission of Appeals answering the certified question is adopted, and ordered certified to the Court of Civil Appeals.

---

**PAYNE, Director General of Railroads, v. CUMMINS. (No. 340–3709.)***

(Commission of Appeals of Texas, Section A. Oct. 4, 1922.)

**1. Railroads ⬳5½, New, Vol. 6A Key-No. Series—Director General alone suable for injuries arising during federal control.**

The Director General alone is suable on a cause of action arising while the railroad was being operated by the government under Federal Control Act (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p) and the refusal to dismiss railroad company as improperly joined in the action is error.

**2. Appeal and error ⬳218(2)—Failure to limit the jury in assessing damages held not affirmative error in absence of request for correction.**

In an action against a railroad for damages to plaintiff's land from overflows, the failure to limit the jury in the assessment of damages to the years 1918 and 1919 was not affirmative error where the pleadings and evidence centered around the claimed injury for the years mentioned, and where defendants tendered no special issue correcting the failure, but relied on their objection to the issue as given by the court.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied November 15, 1922.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by H. C. Cummins against John Barton Payne, Director General of Railroads, and another. From a judgment of the Court of Civil Appeals (232 S. W. 1118) reforming and affirming judgment for plaintiff, the defendant named brings' error. Judgment rendered for plaintiff against defendant Director General, and cause dismissed as to the other defendant.

See, also, 233 S. W. 867.

Newman & McCollum, of Brady, Terry, Cavin & Mills, of Galveston, and Lee, Lomax & Wren, of Fort Worth, for plaintiff in error.

Baker & Weathered, of Coleman, and Adkins & Adkins, of Brady, for defendant in error.

RANDOLPH, J. This suit was brought by H. C. Cummins, hereinafter styled plaintiff, to recover damages for permanent injury to his land and for loss of crops, against Walker D. Hines, Director General of Railroads of the United States, Fort Worth & Rio Grande Railway Company and Gulf, Colorado & Santa Fé Railway Company, hereinafter styled defendants. John Barton Payne, having succeeded Walker D. Hines as Director General of Railways, was substituted for him as defendant prior to the trial of the case. On the trial of the case in the district court the jury were instructed to bring in a verdict for defendant Fort Worth & Rio Grande Railway Company, of which there is no complaint, and the case proceeded to trial with the Gulf, Colorado & Santa Fé Railway Company and John Barton Payne as Director General of Railways as defendants. The case was submitted to the jury upon special issues, and on the answers returned by the jury to such issues submitted the trial court rendered judgment for plaintiff for the sum of $525 for permanent injury to the land, and for $75 crop damage, or loss. On appeal to the Court of Civil Appeals that court required a remittitur of the $75 crop damage, and, on the remittitur being filed, affirmed the judgment of the trial court. 232 S. W. 1118.

[1] The first assignment of error presented in the application to the Supreme Court for writ of error presents for our consideration the failure and refusal of the Court of Civil Appeals to sustain the sixteenth assignment of error as presented to that court, which assignment of error charged that the district court erred in overruling defendant Gulf, Colorado & Santa Fé Railway Company's special exception to plaintiff's petition because of misjoinder of that defendant with defendant Director General in the suit, for the reason that the allegations of plaintiff's petition showed that his cause of action, if any, arose during the period when its railroad and properties were being operated by the United States and by the President of the United States under and by virtue of the act of Congress known as the Federal Control Act (U. S. Comp St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p).

It is apparent from the allegations in plaintiff's petition that his cause of action arose at a time when the Director General of Railways, under authority of the Federal Control Act, was operating said railway, and defendant Gulf, Colorado & Santa Fé Railway Company insists under said assignment that the refusal of the trial court to dismiss it from the suit was error, and to sustain its contention cites the following authorities, to wit: M. P. Ry. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 596, 65 L. Ed. 1087; H. & T. C. Ry. Co. v. Long (Tex. Civ. App.) 219 S. W. 212; Baker v. Bell (Tex. Civ. App.) 219 S. W. 245; G. H. & S. A. Ry. Co. v. Wurzbach (Tex. Civ. App.) 219 S. W. 252; Ft. W. & D. C. Ry. Co. v. Thompson (Tex. Civ. App.) 222 S. W. 291; Rutherford v. Union Pacific Ry. Co. (D. C.) 254 Fed. 880; Hatcher & Synder v. A., T. & S. F. Ry. Co. (D. C.) 258 Fed. 952; Hines v. Dahn (C. C. A.) 267 Fed. 105.

The Supreme Court of Texas has approved the rule laid down by those authorities, and we quote from Justice Greenwood's opinion in the case of Schaff v. Mason, 235 S. W. 520, as being directly in point, and settling this question:

"It was shown that the train which struck J. H. Mason and thus caused his death was at the time being operated by the Director General of Railroads, through his employees, though it was a part of the property of the Missouri, Kansas & Texas Railway Company, which was, prior to federal control, in the hands of C. E. Schaff, as receiver. On appeal, the Texarkana Court of Civil Appeals affirmed the judgment of the district court as against both the receiver and the Director General of Railroads, but dismissed the suit as to the railway company. 222 S. W. 288. A writ of error was granted, on application of the receiver and of the Director General, because of the conflict between the decision of the Texarkana Court of Civil Appeals, in ordering an affirmance, as against the receiver, of the judgment rendered on a cause of action arising during federal control, and the decisions of the San Antonio Court of Civil Appeals in the cases of Baker v. Bell, 219 S. W. 246, and G. H. & S. A. Ry. Co. v. Wurzbach, 219 S. W. 253. After the writ of error was granted, it was determined by the Supreme Court of the United States that the Director General alone was liable and suable on causes of action arising while the government was operating the railroads. M. P. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087. Thereupon defendants in error filed a motion asking that the judgment of the Court of Civil Appeals be forthwith reformed, so as to deny defendants in error a judgment against the receiver and so as to award them a judgment against the Director General. The motion was

denied, but the court itself advanced the cause, so that same was promptly submitted.

"We have considered all the assignments in the petition for writ of error, and are of the opinion, as we were when the writ of error was allowed, that the questions presented were all properly determined by the opinion of the Court of Civil Appeals, save the question as to the liability of the receiver. The cited opinion of the Supreme Court of the United States settles that there was no liability on the part of the receiver and that it was error to affirm the district court's judgment in so far as the same was against the receiver."

We therefore, hold that the defendant Gulf, Colorado & Santa Fé Railway Company was improperly joined in this suit, and that the trial court and Court of Civil Appeals erred in refusing to sustain said defendant's fifth special exception as urged in said assignment.

[2] Defendant's second assignment of error raises the question that the Court of Civil Appeals erred in holding that the trial court did not err in failing to limit the jury in assessing damages for injury to the land to the injury sustained in 1918 and 1919. The trial court in submitting the issue of damages to the land submitted that issue in the following language:

"Question No. 3. If you find plaintiff has sustained any damage in the way of permanent injury to his land, then you will state what amount in dollars and cents he has sustained, if any."

Plaintiff in his petition prays specifically for damages occasioned him during the years 1918 and 1919, as follows:

"Because of the unlawful, wrongful and negligent construction, maintenance and operation by the defendants during the year 1919 and the latter part of 1918 of the dump, embankment and culvert or bridge aforesaid, and because of the negligence of defendants in failing and refusing to provide the proper and necessary drainage, as by law required, as the natural lay of the surrounding lands and lands of plaintiff required, during all of the year 1919 and latter part of 1918, the surface waters that fell and gathered upon the land adjacent to and above those of plaintiff, hereinabove described, were gathered and forced through the channel through said dump and embankment in the channel under said bridge or culvert in great volume and with great velocity upon the lands of plaintiff aforesaid, contrary to their usual and natural course, and washed large ditches in plaintiff's lands and overflowed and spread over plaintiff's lands, in such manner as to permanently injure plaintiff's lands, aforesaid, to the amount of $3,000, and to his damage in the sum of $3,000."

The defendants tendered no special issue correcting the failure of the trial court to limit the jury in assessing the damages for such permanent injury to the land, but relied on their objection to the issue as given

by the court. We have gone carefully over the statement of facts, and have concluded that it is not in the least likely that the jury could have been misled in such assessment, as the pleadings and evidence all centered around the claimed injury to the land for the latter part of 1918 and the year 1919, and that the failure to limit the jury was not affirmative error. The defendants having failed to tender to the court a special issue making this correction, their failure to do so is not cured by their objection to the issue submitted by the trial court. Shumard v. Johnson, 66 Tex. 73, 17 S. W. 398; O'Neal v. Bush & Tillar, 108 Tex. 258, 173 S. W. 869, 177 S. W. 953, 191 S. W. 1133.

We therefore recommend to the Supreme Court that as to the defendant Gulf, Colorado & Santa Fé Railway Company this cause be dismissed, and that the judgment of the Court of Civil Appeals herein be reformed so that plaintiff recover of defendant John Barton Payne, Director General of Railways, the sum of $525, with interest thereon from the date of the judgment in the district court of McCulloch county at the rate of 6 per cent. per annum.

CURETON, C. J. Judgments of the district court and the Court of Civil Appeals both reversed, and judgment rendered for defendant in error against John Barton Payne, Director General of Railways, for $525, with interest from the date of the judgment in the district court at 6 per cent. per annum, and costs of the district court only.