## BELL OIL & REFINING CO. v. CONNER.
### (No. 10069.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 25, 1922.)

**1. Pleading ⇐72—Amended petition for services held to state cause of action, being immaterial that prayer referred to abandoned petition.**

Amended petition, alleging that defendants had contracted and agreed to pay for certain labor $769, and that the labor so performed was reasonably worth $769, and that plaintiff sustained damages in the sum of $800 by reason of defendants' breach of contract, *held* to state cause of action, though the prayer was, "premises considered, plaintiff prays for judgment all the defendants as recited in said original petition, first by way of contract, and in the alternative by quantum meruit," the fact that the prayer was coupled with a reference to the original petition, an abandoned pleading, to indicate the kind of judgment, being immaterial, since without that reference the judgment prayed for in general terms would warrant a recovery for the amount alleged to be due.

**2. Appearance ⇐25—Failure to allege residence of parties waived by appearance.**

The failure of an amended petition to allege the residences of plaintiff and the defendants was waived by the appearance of the defendants and the filing of an answer to the petition, without specially excepting thereto for the lack of such allegations, since such allegations did not relate to and were not a part of the cause of action on which the suit was based.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Action by Dee Conner against the Bell Oil & Refining Company and others. Judgment for plaintiff, and the named defendant appeals. Affirmed.

Barkley & Cline, of Houston, and Bonner, Bonner & Sanford, of Wichita Falls, for appellant.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellee.

DUNKLIN, J. Dee Conner recovered a judgment against the Bell Oil & Refining Company, a joint-stock association, and A. C. Bell, T. N. McNeill, and George Treadwell, as trustees of said association, and against A. C. Bell, T. N. McNeill, and George Treadwell, individually, and as partners, for the sum of $775.92, from which all of the defendants have appealed. The recovery was for labor performed at the request of the defendants, and the assignments of alleged fundamental error are the only assignments presented. No statement of facts has been filed here. The assignments so presented were not filed in the trial court, but are presented in appellant's brief; and the appellee has objected to a consideration of the same because not so filed. Those assignments are as follows:

"(1) The trial court erred in overruling the defendants' exception to plaintiff's first amended original petition, because said pleading was fatally defective in failing to allege the residence of the plaintiff or any of the defendants.

"(2) The trial court erred in overruling the defendants' exception to plaintiff's first amended petition, because said pleading was fatally defective in that it did not comply with that part of article 1827, V. S. Civil Statute, requiring a petition to contain 'a full and clear statement of the cause of action.'

"(3) The trial court erred in overruling the defendants' exception to plaintiff's pleading because same was subject thereto in this: It did not contain a prayer for general relief, for any amount of money, interest or cost, but only prayed for the 'relief recited in said original petition,' the original petition referred to being an abandoned pleading not a part of the record when the defendants' exception was ruled upon.

"(4) The court erred in rendering judgment for the plaintiff for any sum as interest, because no interest was demanded and the pleading contained no prayer for general relief."

In plaintiff's first amended original petition, upon which he went to trial, the cause of action is alleged as follows:

"Defendants employed plaintiff in this, to wit: That beginning May 10, 1920, plaintiff Dee Conner, at the special instance and request of defendants, by contract of hiring at $8 per day performed labor to the extent of 117 days, and that for one-half of this time he received $8, and the remainder of the time he received $7 per day; that he was hired by the duly authorized agents of the defendants at the agreed prices set forth; and that he has not been paid therefor except the sum of $147.

"Plaintiff alleges that by reason of said contract of hiring and labor done and performed defendants and each of them are due the plaintiff the sum of $769, which, though often requested, defendants and each of them have failed and refused to pay, to plaintiff's damage in the sum of $800.

"Plaintiff further alleges that, if he is mistaken as to the contract of hiring, he did said

labor and work, firing a boiler and general roustabout on the defendants' lease and that defendants received the benefits thereof, and that plaintiff is therefore entitled to recover the reasonable value of his services, to wit, $769.

"Wherefore, premises considered, plaintiff prays for judgment all the defendants as recited in said original petition, first by way of contract, and in the alternative on quantum meruit."

The answer of the defendants to the petition consisted of a general demurrer and a general denial, and the general demurrer was the demurrer which was overruled by the court, as recited in the judgment.

Under the decision of our Supreme Court in Schaff v. Mason, 235 S. W. 520, the right of appellant to present assignments, in the absence of a filing of the same in the trial court, seems doubtful. But without determining that question, we are of the opinion that the general demurrer addressed to the petition was properly overruled.

[1] It cannot be said that the petition did not state a cause of action, since it expressly alleged that plaintiff had performed work at the instance and request of the defendants. In the first count, it was alleged that the defendants had contracted and agreed to pay for such labor $769, and in the second count, which was a suit on quantum meruit, it was alleged that the labor so performed was reasonably worth the sum of $769. The first count concludes with an allegation that plaintiff had sustained damages in the sum of $800 by reason of defendants' breach of their express contract. The petition concludes with a prayer for judgment by reason of the premises. The fact that that prayer was coupled with a reference to the original petition, to indicate the kind of judgment, was immaterial, since, without that reference, the judgment prayed for in general terms would warrant a recovery for the amount previously alleged to be due.

[2] The failure of the amended petition to allege the residences of the plaintiff and the defendants was waived by the appearance of the defendants and the filing of an answer to the petition without specially excepting thereto for the lack of such allegation, since such allegations did not relate to and were not a part of the cause of action upon which the suit was based. Ellis v. Howard Smith Co., 35 Tex. Civ. App. 566, 80 S. W. 633; Indiana & Ohio Live Stock Ins. Co. v. Smith (Tex. Civ. App.) 157 S. W. 755.

If the appeal had been from a judgment by default, a more serious question would have been presented, under such authorities as Friend v. Thomas (Tex. Civ. App.) 187 S. W. 986, and other authorities there cited, for, in that event, the question would be whether or not the court had acquired jurisdiction over the defendants.

For the reasons indicated, the judgment of the trial court is affirmed.