N. Ellis, Respondent, v. The Starr Piano Company, Appellant.
49 S. W. (2d) 1078.

Kansas City Court of Appeals. May 2, 1932.

*Julius C. Shapiro* for respondent.

*J. B. McGilvray* for appellant.

CAMPBELL, C.—Plaintiff, on January 3, 1929, brought suit against The Starr Piano Company and the Starr Piano Company

Sales Corporation to recover damages for the willful and wanton conversion of a piano, property of plaintiff. Thereafter the cause was dismissed as to The Starr Piano Company Sales Corporation, and we will therefore speak of the Starr Piano Company as defendant.

Summons for the defendant was issued and delivered to the sheriff of Jackson county, Missouri, for service. The summons was served and return made thereon.

On March 13, 1929, the defendant filed plea to the jurisdiction of the court.

Subsequently, on April 19, 1930, the sheriff of Jackson county, Missouri, filed motion for leave to amend return of service of summons. The motion was heard and sustained. The amended return is as follows:

"Executed this writ in Jackson county, Missouri, on the 4th day of January, 1929, by delivering copy of this writ, together with copy of the petition, as furnished by the clerk, to B. G. Olson, at the business office of the within named corporation, Starr Piano Company, B. G. Olson as manager of the said defendant corporation, and person in charge of said business office. The President or other chief officer of said corporation could not be found in Jackson county, Missouri, at the time of service."

Upon the hearing of the motion plaintiff and defendant appeared by their respective attorneys and participated therein.

On April 24, 1930, a record entry was made in the cause in which it is recited that the cause "coming on regularly for trial, comes plaintiff in person and by his attorney of record, . . . and defendants herein appear by their attorney of record. . . . Now defendant Starr Piano Company, by its said attorney of record, presents to the court plea to the jurisdiction heretofore filed herein, and the court having read and examined the pleadings, record, summons and return of the sheriff herein, and considered statements and arguments of counsel, and now being fully advised in the premises, doth find and adjudge that said defendant was duly summoned and legally served with a copy of the petition and writ herein;" . . . that jury was thereupon impaneled; that at the conclusion of the evidence the cause was dismissed as to the defendant Starr Piano Company Sales Corporation and verdict rendered in favor of plaintiff and against the defendant in the sum of $1119.45, and that judgment was rendered in accordance with the verdict.

On September 19, 1931, defendant filed motion to correct the record entry wherein it was shown that defendant appeared in the cause. The motion was heard and the following order entered of record:

"Matter of defendant Starr Piano Company's motion for entry *nunc pro tunc* regularly coming on for hearing, and the court having seen and read the motion, and heard all the evidence, and being fully advised does overrule the same, to which defendant at the time excepted, and still excepts."

On May 14, 1930, execution was issued upon the judgment and placed in the hands of the sheriff of Jackson county, Missouri, for service.

On August 7, 1930, defendant filed motion to quash said execution, averring therein that:

"1. The court acquired no jurisdiction of the defendant in said cause under the return of the sheriff in the summons issued to the Starr Piano Company in said cause.

"2. The return of the sheriff is insufficient to confer jurisdiction on this court to render any judgment.

"3. The Starr Piano Company is a foreign corporation, organized and existing under the laws of the State of Indiana, and has had no place of business in the State of Missouri since the 29th day of December, 1924.

"4. Because the return of the sheriff shows that the service, or attempted service, on The Starr Piano Company was procured by serving a copy of the summons in said cause upon B. G. Olson as the agent and representative in charge of the Starr Piano Company's place of business in the State of Missouri, and that, in truth and in fact, B. G. Olson was not, is not, and has never been, in the employ of The Starr Piano Company in any capacity, and was not at said time, or any other time, the agent or representative of The Starr Piano Company in the State of Missouri, or in charge of a place of business of said Starr Piano Company in the State of Missouri.

"5. That the return of the sheriff shows that the service, or attempted service on The Starr Piano Company by the sheriff, was procured by the serving of a summons upon B. G. Olson as the agent and representative in charge of The Starr Piano Company's place of business in the State of Missouri, which return is not sufficient to confer jurisdiction upon this court to enter up any judgment against the Starr Piano Company, and is not in the form prescribed by the Statutes of the State of Missouri in such cases made and provided."

The motion was heard, overruled, and the defendant has appealed.

Section 728, Revised Statutes 1929, provides that summons may be served "by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business."

It is recited in the amended return that the summons was served on Olson as manager of defendant, and that he was the person in charge of defendant's business office.

Clearly the service of summons in the manner stated in the return was sufficient to confer jurisdiction over the person of the defendant. [State ex rel. Texas Cement Company v. Sale, 232 S. W. 1119; Davis v. Jacksonville Southeastern Line, 126 Mo. 69; Newcomb v. Railroad, 81 S. W. 1069.] But we do not put our decision on that ground alone. If the service of summons was insufficient to confer jurisdiction upon the court, it was unnecessary for the defendant to appear at all. All it need do was to remain away and the court would have been without jurisdiction to render judgment which would affect its rights. Defendant did not adopt such course. It filed plea to the jurisdiction, thus inviting the court to determine from evidence to be introduced by it whether or not the court did have jurisdiction. Having sought an adjudication of the question as to whether or not the court did have jurisdiction of its person, it cannot now say that the court was without jurisdiction to pass upon that question, nor can it say that the determination of that question was not conclusive. At this time it is immaterial whether the court correctly ruled the plea to jurisdiction. The important and controlling fact is that the court did rule upon the plea. And though it were conceded that the ruling was erroneous, it was nevertheless res judicata. [Baisley v. Baisley, 113 Mo. 544, 550; Hall v. Wilder Manufacturing Company, 293 S. W. 761; Hagerman v. Sutton, 91 Mo. 529.]

It is disclosed by the record that defendant participated in the hearing of the motion of the sheriff to amend the return; that defendant appeared in the cause and later filed motion to correct that part of the record wherein it was shown that it had appeared; that said motion was heard and ruled adversely to it. The record imports verity, and we therefore hold that defendant cannot now say that it did not appear in open court.

The defendant argues that "if the court was without jurisdiction, its finding that it had jurisdiction does not in any manner aid or add to the jurisdictional facts." The plea to jurisdiction put in issue the question as to whether or not the court had jurisdiction of the person of defendant. The motion to quash execution presented the same question. If the determination of the plea to jurisdiction was not conclusive, then the judgment overruling the motion to quash execution was a judicial farce. The same principle applies to the ruling on the plea to jurisdiction which applies to the ruling on the motion to quash execution. [Hall v. Wilder, 316 Mo. 812.]

It is also argued that the recital in a judgment that a defendant has been duly served with process does not preclude him from over-

throwing such recital by showing, by other parts of the record of equal verity, that such recital is untrue. [Cloud v. Inhabitants of Pierce City, 86 Mo. 357.] The rule invoked does not aid the defendant for the reason that there are no recitals in the record which tend to show that the recital complained of is incorrect. ·

Upon the hearing of motion to quash execution defendant offered to show that it withdrew from the State of Missouri in December, 1924, and that B. G. Olson was not its agent or representative at the time of the institution of the action. The judgment is not subject to collateral attack, and hence oral evidence was not admissible to impeach the sheriff's return or to contradict the recitals in the record to the effect that the defendant had appeared in the cause. The record discloses that defendant sought determination of the question as to whether or not the court had jurisdiction over its person, and later sought determination by the court as to whether or not the record recitals showing that it had appeared in the cause were correct. Both questions were decided adversely to it. Such determinations were *res judicata*, and the evidence for that reason, if for no other, was properly excluded. The judgment is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.

### ON MOTION FOR REHEARING.

In motion for rehearing the appellant says that the opinion incorrectly quotes the order of September 19, 1931; that in fact the order made on that day reads:

"Now on this day the motion of J. B. McGilvray to correct the the record in this cause is by the court taken up, fully heard and considered and by the court overruled, to which action and ruling of this court, J. B. McGilvray excepts."

The order, which is set forth in the main opinion, appears in respondent's additional abstract of the record which was timely served and filed. After the additional abstract was served the appellant, five days before the cause was docketed for hearing, without leave, filed an additional abstract of the record and certified copy of the entry in controversy. Neither our rules nor the statute allow appellant to file the additional abstract or the certified copy of the record.

Section 1028, Revised Statutes 1929, provides that if a respondent is dissatisfied with the appellant's abstract he may file additional abstract on his part, and that in case the appellant shall not concur in such additional abstract he shall specify his objections thereto,

1214

in writing, and file the same with the clerk, "and thereupon the clerk of the appellate court shall forthwith issue and send an official order commanding the clerk of the trial court to send such appellate court a certified transcript of that part of the record so in dispute."

Appellant did not proceed as provided in said section 1028, and it was therefore our duty to accept respondent's additional abstract as true. [Schulte v. Hass, 287 S. W. 816, 818.]

In the circumstances the only record (apart from the certified copy of the record entry of the judgment appealed from) which we can consider is appellant's original abstract and respondent's additional abstract. Moreover, the result would not be affected, though the order was in the form claimed by appellant. The motion is overruled. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The motion is overruled, All concur.