PATHE EXCHANGE, INCORPORATED, PROSECUTOR, v. COURT OF COMMON PLEAS, HUDSON COUNTY, JOHN J. McGOVERN AND ANTON NEBEL, DEFENDANTS.

Argued January 6, 1925—Decided April 5, 1925.

Workmen's Compensation—Bringing Action on Claim Within One Year—Right of Action Limited to One Year From Date of Accident—Statute Considered at Length and Judgment Reversed.

On *certiorari.*

Before Justices TRENCHARD, MINTURN and LLOYD.

For the prosecutor, *Walter L. Glenney* and *Edwards & Smith.*

For the defendants, *Kent & Kent.*

Per Curiam.

The relator was injured on June 16th, 1922, in the course of his employment by a fall from a spiral staircase where he was working. On July 23d, 1923, he filed a formal petition with the workmen's compensation bureau for compensation under the Compensation act. To this petition an answer was interposed by the employer denying that compensation was paid to July 26th, 1922, as claimed in the petition, and asserting that no compensation was paid after July 23d, 1923; and, further, that the claim of petitioner for compensation is forever barred by reason of the fact that no petition was filed by him with the secretary of the workmen's compensation bureau at the state house, in Trenton, within one year after the last payment of compensation by the respondent to the petitioner. Compensation was awarded to the petitioner by the bureau and this award confirmed by the Hudson County Court of Common Pleas. It is sought in this proceeding to have this judgment set aside on the ground that no agreement in writing for compensation was made within one year preceding the filing of the petition. The petition itself asserts payments up to July 26th, 1922. While the answer denies this it further asserts that no compensation was paid to petitioner after July 23d, 1923. Whether July 23d, 1923, was intended, or whether, as seems more probable, July 23d, 1922, was intended by this answer is not important, in the view that we take of the legal status of the case. From the record returned it would appear that the petition was filed July 23d, 1923. The last payment for compensation appears to have been July 21st, 1922. It is true that the insurance company sent a check to the claimant on May 5th, 1923, for traveling expenses and time lost in going to a physician. This, however, was not in any sense payment of compensation within the meaning of the statute, and, if it were, it would not avail the claimant. Section 4 of the Workmen's Compensation act of 1911, as ultimately amended by the act of 1918, page 430, and section 5 as amended by the act of 1921, page 731, read as follows:

"Section 4. Whenever an employer or his insurance carrier and an injured employe, or the dependents of a deceased

employe, shall, by agreement, duly signed, settle upon and determine the compensation due to the injured employe, or to the dependents of a deceased employe, as provided by law, the employer, or the insurance carrier, shall forthwith file with the bureau a true copy of such agreement. Such agreement shall not bind the employer or injured employe, or the dependents of a deceased employe, unless approved by the bureau. If an agreement for lawful and adequate compensation, approved by the bureau, is not filed within twenty-one days after the date of the happening of the injury, the bureau shall, so far as practicable, endeavor to bring about a settlement of the pending claim. If no petition is filed by the injured employe, the bureau may institute an inquiry on its own motion, to determine the reasons for the failure to agree as to compensation, and may, either before or after the institution of such inquiry, with the consent of the injured employe, or the dependents of a deceased employe, file a petition for compensation. When such petition is filed by said bureau, on its own initiative, the subsequent proceedings shall be the same as is hereinafter set forth in cases where the claimant files a petition.

"Section 5 [as amended by act of 1921, page 731]. Every claimant for compensation under the act to which this act is a supplement, or its supplements or amendments, shall, unless a settlement is effected or a petition filed under the provisions of section 4, file a petition in duplicate with the secretary of said bureau in his office at the state house, in Trenton, within one year after the date on which the accident occurred, or in case an agreement for compensation has been made between such employer and such claimant, then within one year after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by such employer, then within one year after the last payment of compensation * * *."

We think it clear that the limitation provided for in the fifth section as amended contemplated an agreement such as is described and defined in section 4, and by section 4 such agreement is required to be in writing, duly signed by the

employer or the insurance carrier and the employe, and that this writing shall settle and determine the compensation due to the injured employe. Under the earlier statutes agreement might be by word of mouth merely, and it seems obvious that the legislature in the amendment of 1918 clearly intended to exclude such loose methods of procedure and to substitute therefore, not only an agreement in writing, but an agreement to be signed by the parties and which should settle the terms of the compensation to the injured employe. In section 5, as amended, the right of action is conditioned on a settlement or petition filed under the provisions of section 4. It is impossible to read this language without drawing therefrom the conclusion that the agreement contemplated is the agreement in writing called for by the preceding section. If anything were needed to more clearly indicate such legislative purpose, it would appear in the fact that the legislature, in passing the act of 1921, omitted the right of action in the event of an application being made to the bureau which was in section 5, as amended in 1918. We thus see a legislative purpose to remove from the conditions upon which the limitation clause should rest such uncertain things as unwritten agreements and informal applications to the compensation bureau, and to substitute therefor in the one case the certainty of a written agreement and in the other a formal petition to the bureau.

In the case before us no written agreement was made between the parties; no petition was filed to the compensation bureau. This, therefore, effect a limitation of the right of action to one year from the date of the accident, the 16th of June, 1922.

It is claimed, however, that the employer did not set up in his answer the failure to execute a written agreement. It does appear, however, that at the conclusion of the case counsel for the relator moved to dismiss the claim on the ground that the petition was filed more than a year after the accident, and that there was no evidence of any agreement for compensation

The judgment is reversed.