[Civ. No. 3090.  First Appellate District, Division One.—September 29, 1919.]

## ARTHUR HUNT, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—RETURN OF INJURED EMPLOYEE AT FULL PAY—EXTENSION OF TIME FOR FILING APPLICATION FOR RELIEF.—In the absence of a showing as to the existence of an agreement or understanding as between himself and his employer to the effect that the full pay which he received after he returned to work following his injuries but prior to his discharge, or a portion thereof, was to be in the nature of compensation for his injuries, or that the work which he performed during that period was either unsatisfactory to his employer, or that the compensation which he received therefor was more than his services during that time were actually worth, it cannot be held that the mere fact that the employer permitted him to return to his old position at full pay and to continue therein for several months could give rise to a claim that a portion of the pay which he thus received was in the nature of compensation for his previous injuries, and that the time within which he might make application to the Industrial Accident Commission for relief was thereby extended.

[2] ID.—MEDICAL ATTENTION AS COMPENSATION.—The fact that the injured employee visited his employer's physician for the purpose of examination, no treatment or medicine being received, did not constitute the receiving or rendering of such service as could be construed to amount to compensation under the provisions of the Workmen's Compensation Act which would prolong the prescribed time for the filing of his claim.

[3] ID.—UNAUTHORIZED STATEMENTS—DELAY IN PRESENTING CLAIM NOT EXCUSED.—In the absence of some showing that the persons with whom he discussed the matter of his claim to compensation, and who assured him that his claim was being given proper attention, had authority from the employer to make such a statement, or that their positions were such in relation to the employer as to justify him in relying upon such assurances, proof of such statements was insufficient to support his claim that he was lulled into a sense of security by representations made on behalf of his employer to the effect that his claim was being given proper attention during the period that he had returned to his employment and before his discharge.

PROCEEDING in Certiorari to review the action of the Industrial Accident Commission in denying an application for compensation.  Application denied.

The facts are stated in the opinion of the court.

Clarence A. Henning for Petitioner.

A. E. Graupner for Respondents.

RICHARDS, J.—The petitioner, who was an employee of the United Railroads, received an injury to his spine on or about June 8, 1918, while in the course of said employment, by being thrown from a street-car upon which he was at the time acting as conductor. Twenty-eight days after the date of his injury he returned to work at his former employment, and received full pay therein for the next several months, when he was discharged by his employer. During the period that he was away from his work by reason of his injuries he received independent medical treatment, and after he returned to work and on or about August 15, 1918, he went to the company's physician for an examination, and went again three or four times for the same purpose, but received no treatment or medicine on any of those occasions, the company's physician informing him that the nature of his injuries was such that only time would effect a cure. After his discharge, on or about March 15, 1919, he made a claim for compensation to the claims attorney of his former employer, and was then sent for examination as to his physical condition to its physician, but no medical or surgical treatment was then given. Thereafter, and on March 18, 1919, his application for relief was filed before the Industrial Accident Commission. A hearing was had thereon, after which, upon the applicant's own testimony showing the foregoing facts, the commission denied his application upon the ground that it had been made too late and was barred under the provisions of the Workmen's Compensation Act, [Stats. 1917, p. 831]. After a petition for rehearing before the commission had also been denied, the application for a writ of review was presented by said petitioner to this court.

[1] Upon the hearing of said application the petitioner urged as a reason for his contention that the Industrial Accident Commission was in error in holding that his claim was barred by limitation, that the evidence showed the payment or giving of compensation for his injuries on the part of his employer which, under section 11 of the Workmen's Com-

pensation Act, would have extended the time within which his application should be filed. This claim as to the receipt of compensation on the part of the applicant was twofold, his first contention being that when he returned to work for his employer he was still suffering from his injuries, and was not able on that account to fully perform the duties of his position, but that notwithstanding that fact he received full pay for the time that he continued to be in its employ. The applicant, however, failed to show the existence of any agreement or understanding as between himself and his employer to the effect that the full pay which he received through said period, or any portion thereof, was to be in the nature of compensation for his injuries; nor did he show, nor attempt to show, that the work which he performed during that period was either unsatisfactory to his employer or that the compensation which he received therefor was more than his services during that time were actually worth. In the absence of such showing it cannot be held that the mere fact that the employer permitted the employee to return to his old position at full pay and to continue therein for several months could give rise to a claim that a portion of the pay which he thus received was in the nature of compensation for his previous injuries.

[2] The second contention of the applicant under this head is that he received compensation in the way of medical treatment from his employer which would suffice to prolong the time within which his application might be filed under section 11 of the Workmen's Compensation Act; but the evidence which he gave upon that subject is, in our opinion, insufficient to support such a claim. While it is true that some seven months before the date of the filing of his application with the commission he went to his employer's physician, and that he went again several times thereafter at dates not given by him, he testifies that he received no treatment and no medicine at any of these visits; while as to the visit of March 15, 1919, it is clear that he was sent to the physician on that occasion for an examination as to the nature and extent of his injuries in order that the claims agent of his employer might be able to determine the merits of his claim, and that upon that occasion no treatment was given or medicine supplied. There was, therefore, no service rendered which could be construed to amount to compensation under the provisions

of the Workmen's Compensation Act which would prolong the prescribed time for the filing of his claim.

[3] The final contention of the petitioner is that he was lulled into a sense of security by representations made on behalf of his employer to the effect that his claim was being given proper attention during the period that he had returned to his employment and before his discharge; but his evidence is insufficient to support this claim, since it appears that the only persons in the employ of the company with whom he discussed the matter of his right or claim to compensation were two car-dispatchers at its barn, who appear to have told him that his claim had been sent in and that he should receive compensation. There is no showing that these persons had any authority from the employer to make such a statement, or that their positions were such in relation to it as to justify the applicant herein in relying upon any assurances of that kind.

Upon the record before us it is clear that the claim of the petitioner was filed too late before the Industrial Accident Commission, and that the ruling of said commission that said claim was barred under the provisions of section 11 of the Workmens' Compensation Act was therefore correct, and it cannot be disturbed upon this application.

It follows that the application must be denied, and it is so ordered.

Beasly, P. J., *pro tem.*, and Kerrigan, J., concurred.