## No. 14,124.

GARDEN FARM DAIRY ET AL. *v.* DORCHAK ET AL.

(76 P. [2d] 743)

Decided February 7, 1938. Rehearing denied March 7, 1938.

Mr. EDWARD L. WOOD, Mr. NORMAN W. BAKER, and Mr. PIERPONT FULLER, JR., on petition for rehearing, for plaintiffs in error.

Messrs. THURMAN & PERRY, Mr. JAMES B. YOUNG, Mr. EDWIN A. WILLIAMS, Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

This is a proceeding under the Workmen's Compensation Act. The judgment of the district court sustained an award of the Industrial Commission in favor of the claimant, and the employer and the insurance carrier bring the cause here by writ of error to reverse the judgment. Heretofore an opinion was handed down in department affirming the judgment of the district court. A petition for rehearing being granted, the cause was again briefed, and it now is before us for further consideration.

In our present view of the case we may assume that the finding of the commission, that claimant sustained a compensable injury on September 3, 1932, is supported by the evidence. Claimant did not file his claim for compensation until March 13, 1933. Having notified his employer, the Garden Farm Dairy, about the middle of February, 1933, that he claimed compensation, the employer filed a report of the accident with the commission February 17, 1933, and two days later the insurance carrier filed a denial of liability setting forth the grounds upon which the claim would be contested. At the first hearing, when the claimant testified that September 3rd was the date of his alleged accidental injury, based upon such testimony and the record as to the date of filing the claim, the attorney for the employer and insurance carrier moved to dismiss on the ground that the claim was not filed within six months as provided by the Workmen's Compensation Act, and therefore was barred by the statute. The referee of the commission denied the motion and the hearing proceeded on the merits. At all subsequent stages of the proceedings the employer and the insurance carrier consistently maintained that the claim was barred by the statute, which reads in part as follows: "The commission shall have jurisdiction at all times to hear and determine and make findings and awards on all cases of injury for which compensation or

benefits are provided in this article. The right to compensation and benefits, as provided by this article, shall be barred unless within six months after the injury, or within one year after death resulting therefrom, a notice claiming compensation shall be filed with the commission. This limitation shall not apply to any claimant to whom compensation has been paid." '35 C. S. A., vol. 3, c. 97, §363.

 Claimant contends, and the employer and insurance carrier admit, that the statute may be waived. Claimant contends further that it was waived, which contention is denied by the employer and the insurance carrier.

Claimant relies upon the facts that the employer and the insurance carrier, within the six month's period, had knowledge of claimant's intention to claim compensation; that before the expiration of that period they filed a denial of liability, setting forth the grounds upon which they would contest the claim on the merits; that they never filed any supplemental notice of contest setting forth the ground that the claim was not filed in time; and that during the six month's period the insurance carrier procured a physician and surgeon to examine claimant, who, it appears, neither gave nor suggested any treatment.

The instant case is, in some respects, similar to *Kettering Mercantile Co. v. Fox,* 77 Colo. 90, 234 Pac. 464, and *Greeley Co. v. Thomas,* 87 Colo. 486, 288 Pac. 1051, but a careful reading of these cases discloses that both involve facts not present in the case now before us. The situation upon which reliance is placed by claimant as amounting to a waiver of the limiting statute, from an evidentiary standpoint, is far weaker on the question of intention to waive the statute, than the situations in the cases cited. There is no evidence contained in the record here of an express waiver by the employer or the insurance carrier. The facts disclosed by the evidence and record are consistent with their intention to rely upon

the statute and inconsistent with an intention not to so rely. The employer and carrier are not estopped to invoke its provisions. No statements or conduct by either are disclosed upon which claimant might have relied and by reason of which reliance he failed to file his claim in time.

We think there is no showing of a payment of compensation which removes the bar of the statute. To hold that a mere examination of a claimant by a physician and surgeon employed by the insurance carrier, without treatment, is a furnishing of medical services in the sense that it constitutes payment of compensation which removes the bar of the statute, would force employers and insurance carriers to deny liability in all cases; because if they sought to obtain information through medical examination upon which to admit or deny liability, they would open the way for the filing of claims against them without any limitations as to time.

The judgment is reversed.