EDGAR H. FERGUSON, APPELLANT, v. OZARK DISTRIBUTING COMPANY, RESPONDENT.—117 S. W. (2d) 399.

Kansas City Court of Appeals. May 23, 1938.

*Charles K. Hackler* and *R. H. Glandon* for appellant.

*R. D. Garver* and *Mayer, Conkling & Sprague* for respondent.

REYNOLDS, J.—This appeal comes to us from the Circuit Court of Johnson County.

The claimant, Ferguson, while in the employ of the defendant, Ozark Distributing Company, on or about August 20, 1932, sustained accidental injuries arising out of and in the course of his employment. On May 26, 1933, he filed with the Workmen's Compensation Commission his written claim for compensation on account of such injuries, to which the defendant made answer.

Hearings were had on July 8, 1933, and October 30, 1933, before a referee appointed by the commission, resulting in a final award on January 26, 1934, covering a period of disability ending February 19, 1934, which award was affirmed on appeal to the full commission by its order of March 17, 1934. This award was paid in full, and no appeal was taken therefrom.

In July, 1934, after said final award had been paid, the claimant filed application for review and rehearing of said final award under the provisions of section 3340, Revised Statutes of 1929, on grounds of change in condition. In September, 1934, an amended application was filed, upon which a hearing was had; and a temporary award was made thereon, which was paid; and another hearing was had thereon in July, 1935. In September, 1935, the commission, upon the motion of the defendant, dismissed the claimant's application for review and rehearing for lack of jurisdiction, in that said application had not been timely made.

The claimant appealed from the action of the commission to the Circuit Court of Johnson County, where the defendant filed a motion to dismiss such appeal, which was denied by the court; and the cause was remanded to the compensation commission for further proceedings. From such judgment of the circuit court, the defendant appealed to this court, the appeal resulting in the approval of the action of the commission in refusing an award for lack of jurisdiction and in a reversal of the judgment. Our opinion and judgment and order upon such appeal are found reported in 230 Mo. App. 529, also in 93 S. W. (2d) 291, to which reference is made. No motion for rehearing was filed on such appeal, and our judgment became final, and our mandate went down.

Thereafter, on July 16, 1936, the claimant filed with the commission another petition for rehearing and review under section 3340, supra, on the ground of change of condition (being the one now involved upon this appeal), annexed to which was a letter of date March 2, 1934, upon which, he stated in his petition, he relied as his application to the commission, as of the date upon which it was filed. Such letter was written by the claimant's wife to the commission and was received by the commission on March 5, 1934, and was filed with the papers in the cause and is as follows:

"March 2, 1934.

"Accident No. G-31252. ......
"Workmen's Compensation Commission,
"Jefferson City, Missouri
"Dear Sirs:

"It has been some time since I have heard from you regarding our case and as Mr. Ferguson's condition is becoming worse it has become necessary to put him under the care of our family physician. "We have tried to be patient in this matter but it is impossible for him to go on any longer without some kind of medical aid. I will expect the company to be responsible for this expense until some kind of agreement is reached.

"Very truly yours,
"(Signed)          Mary Ferguson (Mrs.)"

On September 14, 1936, a final award on such application for re-hearing and review filed July 16, 1936, was made by the commission, finding in favor of the defendant and against the claimant, awarding no additional compensation, and dismissing the claimant's application for the reason, as stated by it, that it found upon the record that the matters involved had previously been fully adjudicated by it and an award issued, from which an appeal had reached the Kansas City Court of Appeals and had been affirmed by that court and that it was without jurisdiction to reopen the case.

From such final action and award of the commission, the claimant appealed to the Circuit Court of Johnson County. Upon the cause reaching that court, the defendant filed a motion therein to dismiss the appeal for the reason that, upon the record, the Workmen's Compensation Commission was, as a matter of law, without jurisdiction to reopen the cause for further consideration after the final opinion and judgment of this court (the Kansas City Court of Appeals) of date April 6, 1936, reversing the judgment of the circuit court theretofore rendered upon the former appeal and approving the final order of said Workmen's Compensation Commission of September 10, 1935, on application for rehearing and review on grounds of change of condition, refusing additional compensation for lack of jurisdiction and for the reason that it followed therefrom that the Circuit Court of Johnson County was wholly without jurisdiction to entertain the appeal.

Such motion was sustained by the court upon hearing had, and judgment was rendered by it dismissing the claimant's appeal. From such judgment of the Circuit Court of Johnson County, this appeal was had and is now prosecuted.

The question determinative of this appeal is whether or not the Circuit Court of Johnson County was correct in sustaining the defendant's motion to dismiss the claimant's appeal.

Whether or not it was depends upon what the matters and issues involved upon the former appeal and determined alike by the commission and our court were.

Upon that appeal, we reversed without remanding the judgment of the circuit court denying the motion of the defendant herein to dismiss the appeal of the claimant from a final award of the compensation commission on change of condition under section 3340 of date September 10, 1935, made upon the claimant's application filed with the commission on July 20, 1934, for rehearing and review of a final award of the commission made January 26, 1934, covering a period of disability expiring February 19, 1934, and affirmed on appeal by the full commission on March 17, 1934; and we left the award of the compensation commission of March 17, appealed from, in full force.

The final award of the compensation commission made September 10, 1935, from which the appeal was taken to the circuit court, was one finding for the defendant and against the claimant and denying any additional compensation. In its findings of fact and rulings of law accompanying such award, the commission found that it was without jurisdiction for the reason that the application of the claimant for rehearing and review was not filed until after the termination of the fixed disability period as provided in its final award of March 17, 1934, and that it had no jurisdiction to make a temporary award which had been made upon such application on date February 2, 1935, and set the same aside and denied further compensation. That the award of the commission was correct, see Saunders, State ex rel. v. Missouri Workmen's Compensation Commission, 333 Mo. 691, 63 S. W. (2d) 67.

The judgment of the circuit court in effect held that the commission did have jurisdiction to rehear, review, and award additional compensation, notwithstanding the fact that the claimant's application therefor had not been filed until after the termination of the fixed disability period provided by its final award of March 17, 1934, and until after such award had been fully paid and no appeal had been taken therefrom.

In our opinion upon the former appeal, after setting out facts noting the proceedings had before and by the commission and its action in dismissing the claimant's application for rehearing and review for lack of jurisdiction and the appeal by the claimant from its action to the circuit court and the action of the circuit court in remanding the cause and the claimant's appeal to this court, we proceeded to state that the question then involved was whether or not the Workmen's Compensation Commission had the power, after it had made a final award and said final award had been fully paid, to reopen the matter upon a motion for rehearing filed under the pro-

visions of section 3340, Revised Statutes of 1929. We held, following the authority last above cited, that the commission was without any jurisdiction so to do and that the Circuit Court of Johnson county should have sustained the defendant's motion to dismiss the appeal taken from its order refusing an award to the claimant for further compensation, for lack of jurisdiction for the reason stated by the commission, and reversed outright the judgment of the circuit court refusing to dismiss the appeal. Our opinion and judgment became final. It became and is conclusive upon the claimant, the defendant, and the compensation commission alike as to all the points and issues adjudicated and determined therein and to every point which properly belongs to the subject matter involved or which is incident to or essentially connected therewith or which, in the exercise of reasonable diligence, might have been brought forward (Citizens' Security Bank v. Gatewood (Mo. App.), 36 S. W. (2d) 426; Barber Asphalt Paving Co. v. Field, 132 Mo. App. 628, l. c. 641; 34 C. J., sec. 1314, p. 906; Healy v. Moore (Mo. App.), 100 S. W. (2d) 601, l. c. 605) and is a bar to further proceedings by the parties or by the commission.

Our opinion and judgment extends to and applies to and is conclusive as to all other actions between the parties respecting the subject-matter or matters incidental thereto or connected therewith, whether commenced before or after the action in which it was made. [Healy v. Moore, *supra*.]

The commission was and is concluded and barred by our judgment from reopening its final award of March 17, 1934, upon any application for review under section 3340, therefor filed, which was not timely filed before the termination of the fixed liability period therein provided and before such award was finally discharged by payment.

Not only so; but our opinion and judgment in effect left the award of the commission appealed from in full force and effect; and it became and is conclusive upon the parties and the commission, not only as to all questions of law determined but as to all questions of jurisdiction of the commission to entertain the claimant's application for additional compensation under section 3340, Revised Statutes of 1929. [Section 3342, Revised Statutes of 1929.]

"Matters which should have been brought before the commission to make a case or which should have been interposed there as a proper matter of defense cannot be relitigated because the parties neglected to do so . . ." [Phillips v. Air Reduction Sales Co., 337 Mo. 587, 85 S. W. (2d) 551, l. c. 559.]

The sole issue before the commission, the circuit court, and this court on the former appeal was whether or not the claimant had filed an application for rehearing and review on the ground of change

of condition, under section 3340, within the time prescribed by the Compensation Act. We declared that he had not. Our finding was not only one based upon jurisdictional questions but was one based upon the merits. We declared as a matter of law that the claimant's application was filed out of time.

The claimant's alleged petition and application for a rehearing and review under consideration upon the instant appeal was filed with the compensation commission on July 16, 1936. Under our former opinion, if the application is to be considered as filed upon the date the petition was filed (to-wit, July 16, 1935), it is clearly out of time. It is stated, however, in said petition that the claimant relies on a letter of date March 2, 1934, written by the claimant's wife to the commission and received and filed by the commission on March 5, 1934, as his real application for rehearing and review on change of condition. If so, the application must be treated as made March 5, 1934. The letter of March 2, 1934, claimed by the claimant to be his real application, was filed with the commission prior to the time it made its award of March 17, 1934, and while the appeal from the award of January 26 was pending. It was before the commission for whatever it was worth as an application prior to and at the time of the affirmance by the full commission of its award of January 26, 1934, on March 17, 1934; and it might properly be said to have necessarily been disposed of by the commission upon the affirmance on March 17 by it of its award of January 26, 1934. By virtue of this court's affirmance on appeal, said award constituted a final determination of the claimant's right to compensation of any character on the date upon which it was made. [71 C. J., sec. 1444, p. 1463.] If not so disposed of, it was still pending at the time that the application for review was filed by the claimant on July 20, 1934, and, under the authority above cited (Healy v. Moore), was barred by the final disposition made of that application, not only by the award of the commission but by the opinion and judgment of this court affirming such award.

It is suggested that neither the award of the commission nor our opinion and judgment were based upon the merits; that the merits were not involved; that, consequently, neither of the same are conclusive or become a bar; that the only point determined and adjudicated by our opinion was that the Compensation Commission was without jurisdiction of the proceedings pending before it under Ferguson's application for rehearing filed in July, 1934; and that the timeliness and sufficiency of the filing of the claimant's application in this case were not determined by us.

From what has been said above, it is clear that we cannot concur in such view. The claimant's application in this case was entirely disposed of upon the record upon the former appeal. It was either

adjudicated in the award of March 17, 1934, by the commission or barred by the final disposition made of the claimant's application of date July 20, 1934.

We, moreover, upon the former appeal, determined as a matter of law that as to an award of the commission (such as the final award of March 17, 1934) which went to the merits as well as to jurisdiction, in which a period of fixed liability was provided, the commission lost jurisdiction to rehear and review it on application on change of condition under section 3340 after the termination of the period of fixed liability or after the same had been discharged in full. If it be considered that the points determined and adjudicated by us were jurisdictional merely, our judgment would nevertheless be conclusive as to the points determined. It is conclusive upon the question of the jurisdiction of the commission and as to all questions of law determined by us. [34 C. J., sec. 1320, p. 907; Baisley v. Baisley, 113 Mo. 544, l. c. 550, 21 S. W. 29; Hall v. Wilder Mfg. Co., 316 Mo. 812, l. c. 826, 293 S. W. 760; Ellis v. Starr Piano Co., 226 Mo. App. 1209, l. c. 1212, 49 S. W. (2d) 1078.]

Such rule of law is applicable also to compensation proceedings. [71 C. J., sec. 1396, pp. 1435, 1436; Drake v. C. V. Hill & Co., 187 Atl. 637.]

Our former opinion, right or wrong, is binding upon the compensation commission and the parties alike. The commission was right in holding that the matters involved upon this appeal were concluded by the former appeal and were barred by its former award and by the former opinion of this court and that it had no jurisdiction to reopen the matter for a review of its award; and, the commission so being without jurisdiction, the Circuit Court of Johnson county did not obtain any jurisdiction upon the claimant's appeal thereto; and its judgment dismissing such appeal was in accordance with the law and should be and is affirmed. All concur.