No. 14,704.

RAHDER *v.* INDUSTRIAL COMMISSION ET AL.

(100 P. [2d] 1043)

Decided March 11, 1940.   Rehearing denied April 1, 1940.

Mr. LEO J. CROWLEY, Mr. WILLIAM L. COHN, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. FRANK A. BRUNO, Assistant, Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, Mr. MALCOLM LINDSEY, Mr. RICHARD F. RYAN, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is a workman's compensation case. Claimant was a member of the police department of the City and County of Denver, and bases his claim to compensation on an alleged injury resulting from exposure in a severe mountain snow storm when he and another officer were transferring some prisoners from Eagle to Denver January 1, 1937. The hood of the car in which they were riding had been previously damaged in an accident, and because of the severity of the wind it became necessary several times during the trip for claimant to alight and fasten the hood more securely. Because of this, he became thoroughly chilled and on returning to Denver the next morning, and after disposing of the prisoners, he repaired immediately to his home and a doctor was called who ordered him to bed and gave instructions over the telephone for his care. It developed he had contracted influenza and he was confined to his bed for ten or twelve days.

After returning to work he suffered pains about the heart and was advised by his physician to take further rest. Acting on this advice, he was absent from his work from February 1 to February 20, 1937. On his second return he worked until April 12th when he was advised by his physician to go to a lower altitude in an attempt to regain his health. Being granted another leave of absence he departed on an extended trip, during which he was carried on the payroll at full salary until November 1, 1937, when he was retired from the service because of physical disability due to angina pectoris.

He filed no claim for compensation until January 18, 1939. The commission denied the claim on its merits, as well as holding that it was barred by the statute of limitations. '35 C. S. A., c. 97, §363, C. L. §4458. The trial court agreed with the commission on both points, and we are asked to reverse the judgment entered accordingly.

Claimant, while admitting that the claim was not filed until two years after the alleged injury, relies on the

following as tolling the statute: 1. Claimant was furnished medical supplies by the employer. 2. Claimant was furnished with medical care by the employer. 3. Payment of his salary by the city.

■ 1 and 2. As to the furnishing of medical attention and supplies, the evidence discloses that claimant was merely examined by the city's police surgeons; they never treated or prescribed for him, as he admits. The medicine he received on a few occasions was amyl nitrite, which the police surgeon always carried in stock for collapse and heart cases. This was given him at his request and at the suggestion of his personal physician to ward off acute heart attacks. Mere examination of a claimant by an employer's physician does not remove the bar of the statute. *Garden Farm Dairy v. Dorchak*, 102 Colo. 36, 76 P. (2d) 743.

■ 3. The payment of salary to claimant during his disability presents a more difficult problem. However, even as to that, we think the commission in its award, and the trial court, adjudged properly. Claimant relies particularly on the case of *Industrial Commission v. Carpenter*, 102 Colo. 22, 76 P. (2d) 418. That case is not controlling here. It is apparent that the reason the judgment therein was reversed was because we felt, under the circumstances presented, that the commission should determine, as a matter of fact, whether the payment during the time the employee was not working was for salary or disability compensation. The commission found "his salary was paid in full for the reason that he was injured in the line of duty." Under section 162 of the Denver Municipal Code, all members of the police department receive full pay "for such time as they may be temporarily incapacitated from service on account of injuries or sickness contracted while in the performance of their duties." In the case at bar the city paid claimant's salary in full because of "bona fide illness." Under the circumstances the commission was not bound to find as a matter of law that the payment of

claimant's salary was payment of compensation which tolled the statute. This conclusion renders unnecessary a consideration of other aspects of the case.

The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.