Matthias, J.
 

 The sole question presented in this case is whether the reimbursement of a workmen’s compensation claimant for expenses actually incurred by him in making a trip to take a physical examination for the purpose of determining whether there was a continuing compensable injury or any basis for a claim entitling claimant to further compensation, constitutes a payment “of compensation or benefits,” within the meaning of Section 1465-86, General Code.
 

 The pertinent portion of that section is as follows:
 

 “* * * No such modification or change or any finding or award in respect of any claim whether filed heretofore or hereafter shall be made with respect to disability, compensation, dependency or benefits, after ten years from the last payment theretofore made of compensation or benefits awarded on account of injury or death, or ten years after the injury in cases in which no compensation ever has been awarded. Provided further that nothing herein contained shall deprive the commission of its continuing jurisdiction as herein defined to determine the questions raised by any application for modification of award which shall have been filed with the commission after June 1, 1932, and prior to the expiration of such ten years but in respect to which no award shall have been granted or denied during such ten years.
 

 
 *404
 
 ‘ ‘ The commission may, by general rules, provide for the destruction of files of cases in which no further action may be taken.”
 

 In the case before us, what was “the last payment theretofore made of compensation or benefits
 
 awarded
 
 on account of injury”?
 

 The record discloses that the only
 
 mvard
 
 made to the claimant for compensation or benefits was that entered soon after the filing of his original claim and pursuant to which compensation for temporary total disability was paid to December 31, 1924, and compensation for temporary partial disability was paid to April 30, 1927. It does not appear, and it is not claimed, that any further or additional
 
 award
 
 was made since the last named date; but the substance and effect of the claim now asserted is that the reimbursement of the claimant for the fifty cents expended by him for his supper and twenty cents for transportation to take a physical examination as directed for the purpose of ascertaining whether he was entitled to further or additional compensation or benefits was in fact the payment of compensation or benefits and therefore tolled the running of the statute above set forth. The mere statement of this contention seems to be its best answer.
 

 This case involves no question of medical or surgical treatment or the payment for such service. The trip in question was not for medical or surgical treatment, but only for a physical examination, and the record indicates such examination was directed not' with a view to subsequent medical or surgical treatment but only for the purpose of ascertaining whether there was further compensable disability or any basis for consideration of a claim of entitlement to further compensation or benefits. Surely it would not be contended that where, upon the original filing of a claim for compensation, the commission directed a physical examination of the claimant to ascertain whether his
 
 *405
 
 disability was the result of the claimed injury and thereafter denied compensation upon the ground that the claimed disability was not compensable, but reimbursed the claimant upon the rendition of a statement of travel expense incurred by him for the purpose of such examination, such reimbursement constituted an award of compensation.
 

 Compensation comprehends that which will compensate. The provisions of Section 35, Article II of the Constitution, authorize the passage of laws establishing a fund “for the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease,” etc. It provides that “such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease.”
 

 It is urged that the repayment of the amount expended constituted “benefits.” Our statute, Section 1465-84, General Code, provides that “the average weekly wage of the injured person at the time of the injury shall be taken as the basis upon which to compute the
 
 benefits.”
 
 (Italics ours.)
 

 It is true that the word “benefits” is rather broad in scope and meaning, but it implies clearly something which has been found to be due the claimant by reason of sickness or injury. Such is the common and ordinary meaning and application of the word “benefits.” A reimbursement is merely a repayment and replacement of money expended. No “benefit” is thereby conferred or contemplated.
 

 The issue presented must be determined from a consideration of the provisions of our own statutes. While heretofore this question has not been before this court, other courts have had occasion to consider it. By reason of the difference in the language employed in the statute of the various states wherein provision is made for the payment of workmen’s compensation, few decisions of courts of other jurisdic
 
 *406
 
 tions are to be found which are of any assistance in applying the provisions of our statutes.
 

 However, where such question has been considered, the same conclusion has been reached which we have above indicated. Such is the decision of the Supreme Court of New Jersey in
 
 Pathe Exchange, Inc.,
 
 v.
 
 Court of Common Pleas,
 
 3 N. J. Misc., 652, 129 A., 468, where the court held that payment for traveling expenses and time lost in going “was not in any sense payment of compensation within the meaning of the statute”; also the decision of the Supreme Court of Colorado in
 
 Garden Farm Dairy
 
 v.
 
 Dorchak, 102
 
 Colo., 36, 76 P. (2d), 743, which held that a mere examination, without treatment or furnishing of medical service, did not constitute payment of compensation, and stated the view that a holding to the contrary would force employers and insurance carriers to deny liability in all cases or otherwise they would open the way to the filing of claims without any limitation as to time.
 

 This view was approved and followed by the same court in the later case of
 
 Rahder
 
 v.
 
 Industrial Commission,
 
 105 Colo., 594, 100 P. (2d), 1043, the court holding specifically that the mere examination of a workmen’s compensation claimant by an employer’s physician does not remove the bar of a statute prescribing the time within which to present a compensation claim.
 

 It frequently has been stated that the compensation law should be construed and administered with liberality, and that has been and should be the policy of the commission and the courts. However, in the interpretation of all statutes, the intention of the Legislature is to be ascertained primarily from the words used in the statute, and it is to be presumed that the Legislature has used the words in their ordinary and natural meaning and signification.
 

 It follows that the judgment of the Court of Appeals
 
 *407
 
 must be reversed and final judgment rendered for the defendant.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Williams, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.