Lige G. OUSLEY, Plaintiff,

v.

HAWTHORN COMPANY, DIVISION OF KELLWOOD COMPANY, Defendant.

No. 24273.

Kansas City Court of Appeals.

Missouri.

Dec. 6, 1965.

Robert R. Schwarz, Luke, Cunliff, Wilson, Herr & Chavaux, St. Louis, for appellant.

Allen B. Soper, Jr., Slater, for respondent.

SPERRY, Commissioner.

This cause of action grew out of a claim for compensation filed by Mr. Ousley against defendant for an injury allegedly suffered by him while in the employ of defendant. A referee conducted a hearing and denied compensation. Plaintiff appealed to the full Commission and it also denied compensation. Plaintiff appealed to the Circuit Court where the award and decision of the Commission was reversed and the cause was remanded. From that judgment defendant appeals to this court.

The facts and circumstances on October 11th, 1963, when plaintiff contends that he received a compensable injury, are few, simple, undisputed, and appear from plaintiff's testimony. They are to the effect that plaintiff was a laborer and had done heavy labor throughout his lifetime; that he was then sixty-three years of age; that, for some time prior thereto, he was employed by defendant, at its plant in Glasgow, Missouri; that his work was performed exclusively in a pole shed, adjacent but separate from the main building; that he worked alone; that pieces of cloth, used in the main operation, were shredded; that plaintiff would place these shreds into an electric press and bale them with wire; that a bale was about two feet thick, two feet wide, four feet long, and would weigh one hundred pounds or more; that, after a bale was completed, plaintiff would stack it along the wall of the shed in order to have sufficient work space; that, on the occasion when he received this alleged injury, he had picked up a bale, weighing about one hundred pounds, and proceeded to lift it to the top of the pile of stacked bales; that the stack was about six feet high; that, in lifting it up, he ordinarily used his hands alone but, in this instance, he boosted with his leg; that when he put his leg down after completion of this operation he felt excruciating pain in his lower back and down between his legs; that he was weak and sick all over; that he asked a passing employee to notify the personnel supervisor that he had hurt himself inside and was sick; that, eventually, he so reported to the personnel manager, to whom injuries suffered by employees were to be reported; that no medical aid was proffered and he did not request any; that he drove his car home and then went to a doctor for relief. Plaintiff stated that he had never, prior to this occasion, used his leg to assist in lifting a bale to the top of the stack. He also stated that the operation that he was performing was regular routine, the same work that he had been doing, day after day, without any ill effects; that the only thing that was different, on this occasion, was the use of his leg to lift the bale; that he had previously lifted bales by "steps" (from lower bales). In his amended claim, upon which the hearing was held, plaintiff stated the facts upon which he rests his right to an award. He claimed *permanent and total disability* from and after October 10th, 1963, because of an abnormal or unusual strain due to an accident arising out of and in the course of his employment.

Photostatic copies of the University of Missouri Medical Center records were offered and received in evidence without objection. Under date of October 28, 1963, the following appears:

"On October 11, 1963, patient lifted a 100 pound bale of scrap material. A few

moments later he stooped over and felt a sharp stabbing pain in his back at the same place as the other two episodes". * * *

CONSULTATION REQUEST:

"Three episodes of sharp stabbing lumbo-sacral pain on right during the past 30 years, incurred subsequent to lifting".

RADIOLOGICAL CONSULTATION REQUEST"

"Pertinent clinical data. 63 year old white male with a 30 year history of inter-mittent lumbo-sacral pain on right".

REPORT OF RADIOLOGICAL CON-SULTATION:

"63 year old white male with a 30 year history of lumbo-sacral pain on right. Lumbar spine 10/28/63: AP and lateral views of the lumbo-sacral spine reveal no abnormality".

IMPRESSION: "Negative lumbosacral spine".

"Muscle groups in upper and lower extremities grossly intact. No limitation of motion. Worked up to date and has not demonstrated any evidence of disc problem. Most probable diagnosis now seems to be simple strain—simple muscle strain. In the interim evaluation of patient's symptoms have become non-existant. Still somewhat hypertensive".

There was some medical testimony to the effect that plaintiff was and had been suffering from a lower back syndrome with a 15% disability, which was permanent. Plaintiff stated that he was unable to do any heavy labor since the accident occurred.

In Enyard v. Consolidated Underwriters (Mo.App.), 390 S.W.2d 417, 423, the court said:

"[1–4] The rules of law governing the extent and scope of our review in a work-men's compensation case are well settled in this state. We may not substitute our own judgment on the evidence for that of the Industrial Commission, but we are authorized to decide whether such tribunal could have reasonably made its findings, and reached its result, upon consideration of all the evidence before it; and to set aside decisions clearly contrary to the overwhelming weight of the evidence. In determining these issues we first view the record in a light most favorable to the findings of the Commission, consider the favorable inferences which the Commission had a right to draw from the evidence before it, and then determine whether the Commission's findings, even if supported by competent and substantial evidence, are contrary to the overwhelming weight of evidence in the whole record. Thacker v. Massman Const. Co., Mo., 247 S.W.2d 623, 627, and cases cited therein. The reviewing court should adhere to the rule of *deference to findings, involving credibility of witnesses, made by those before whom the witnesses gave oral testimony*. Hall v. Spot Martin, Inc., Mo., 304 S.W.2d 844, 848. Therefore, if we find that the findings of the Commission are supported by competent and substantial evidence upon the whole record and are not contrary to the overwhelming weight of the evidence, then the findings of the Commission are conclusive and binding on us in this appeal." (Emphasis ours.)

We will follow the rule for review as quoted above. We hold that the Commission, in this case, could reasonably have reached its stated result after full consideration of all of the evidence in the record. It is not against the overwhelming weight of the evidence.

The judgment is reversed and the cause is remanded with directions to affirm the award.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

CROSS, P. J., HOWARD, J., and DOUGLAS W. GREENE, Special Judge, concur.

BLAIR, J., not participating.