Donald E. BRYANT, Respondent,

v.

**MONTGOMERY WARD & COMPANY,**
**Appellant.**

No. 24446.

Kansas City Court of Appeals.

Missouri.

April 3, 1967.

Motion for Rehearing and/or Transfre to
Supreme Court Denied June 5, 1967.

barred by limitations. Secs. 287.430 and 287.140, V.A.M.S. The referee found "from all the credible evidence that the claim for compensation filed by the employee was not filed within one year after the date of the injury, nor was said claim for compensation filed within one year after the furnishing of medical treatment or the payment of compensation." He denied compensation. In due course, Bryant filed his application for review by the Industrial Commission on the ground "that the employee's claim for compensation was filed within one year after the furnishing by employer of medical treatment or the payment of compensation." The Industrial Commission found the award of the referee to be "correct in all respects" and "supported by competent and substantial evidence". It adopted the referee's findings of fact and conclusions of law in favor of the employer and against the employee and affirmed them as its own. It awarded no compensation. There has never been any claim by Bryant that any payment in money was ever made to him or that he filed his claim with the Industrial Commission within one year after his injury. Actually, his claim was not filed until 15 months and 22 days after his injury. From the commencement of this litigation before the referee until this time his stand has been that his claim was filed within one year after the employer furnished him medical treatment or paid him compensation and that it is not barred by limitations.

Watson, Ess, Marshall & Enggas, Samuel J. Molby, Vincent E. Rawson, Clayton R. Smalley, Kansas City, for appellant.

Laurence B. Silks, Silks & Silks, Kansas City, for respondent.

BLAIR, Judge.

Presented is an appeal by Montgomery Ward & Company, employer and self-insurer, from a judgment of the Circuit Court of Jackson County reversing an award of the Industrial Commission denying workmen's compensation to Donald E. Bryant, a former employee of that company. The single question on this appeal is whether Bryant's claim for compensation was

Sec. 287.430, V.A.M.S. provides "No proceedings for compensation * * * shall be maintained unless the claim therefor be filed with the commission within one year after the injury * * *, or in case payments have been made on account of the injury * * *, within one year from the date of the last payment." Sec. 287.140, V.A.M.S. provides *In addition to all other compensation,* the employee shall receive and the employer shall provide such medical, surgical and hospital treatment, * * * as may reasonably be required for the first ninety days after the injury or

disability, *to cure and relieve from the effects of the injury,* and thereafter such additional similar treatment as the commission by special order may determine to be necessary." (Emphasis supplied.) In construing these statutes our courts hold that the act of the employer in furnishing medical treatment to his injured employee constitutes a payment on account of the injury, even though it is not payment in money, and this is true whether the treatment is furnished under compulsion of law or whether it is voluntarily furnished after the expiration of the time over which the employer's statutory liability for medical treatment extends. Buecker v. Roberts, Mo.App., 260 S.W.2d 325, 326; Welborn v. Southern Equipment Co., Mo., 395 S.W. 2d 119, 124. The bare rendition of medical treatment by the employer to the injured employee, without more, constitutes statutory payment on account of the injury, Morgan v. Krey Packing Co., Mo.App., 403 S.W.2d 668, 670, and the one year statute begins to run from the date the employer last furnishes the employee such treatment. McEneny v. S. S. Kresge Co., 333 Mo. 817, 62 S.W.2d 1067, 1070.

There is no question on this appeal that Bryant sustained a back injury while discharging his duties as a clerk at the service counter of one of employer's stores in Kansas City, Missouri, on November 27, 1961. Immediately following the injury he began to suffer pain and it continued during the next day and the following day. On this last day it became more severe. He informed his superior that he had "apparently injured something" and was directed to consult Doctor Harless, a physician employed by the employer, Montgomery Ward & Company, in its medical department. Doctor Harless examined Bryant and he was given treatment in the medical department at various times from November 29, 1961 until January 4, 1962. Thereafter he did not return for treatment and he was formally discharged as a patient on January 18, 1962. Subsequently, and during the same year, he left the employer and found work elsewhere.

After leaving the employer, Bryant, on December 10, 1962, contacted William A. Voss, an attorney for the employer who was in charge of its Workmen's Compensation problems. He told Voss that he had injured his back while an employee of the employer in 1961 and that it was still troubling him. Voss suggested to him that he be examined by Doctor Harless, the employer's physician, and, if Doctor Harless thought it desirable, by a consultant. Voss swore he told Bryant that *after* this examination he would be in a position to advise him whether the employer would furnish him medical treatment. Bryant admits that this is the truth. Voss swore that his referral of Bryant to Doctor Harless was for "examination and report (to Voss) only". Pursuantly, Bryant called on Doctor Harless on December 14, 1962. There is a direct conflict in the evidence concerning what occurred when Bryant was examined by Doctor Harless. Doctor Harless testified that he administered no treatment whatever to Bryant then or thereafter for the reason that Bryant had been referred to him "for examination and report only". His medical record made by him on that day recites that Bryant was given only a physical examination and "no treatment". On the other hand, Bryant testified that Doctor Harless treated him with a heat lamp on that day and advised him to quit wearing his hunting boots and to insert a piece of plywood beneath his mattress. He testified that Doctor Harless also prescribed exercises. Doctor Harless denied all of this testimony by Bryant. Bryant, Voss and Doctor Harless were all examined and cross-examined at length on the question whether any medical treatment was authorized for Bryant and whether he was given any medical treatment or advice on December 14, 1962. There is no need to decide whether what Bryant testified Doctor Harless did and advised him to do, in addition to giving him a mere physical examination, constituted medical treatment

in the sense intended by Section 287.140, V.A.M.S. Nor is there any need to discuss the testimony of each in detail, for this summary of the evidence suffices to illustrate the direct conflict between the testimony of Bryant and that of Voss and Doctor Harless. The testimony of Bryant that he was given what he regards as medical treatment and advice by Doctor Horless on December 14, 1962, was competent and substantial evidence so far as it went, but so was the contradictory testimony of Voss that he authorized only a physical examination and a report for his information, and no treatment, on December 10, 1962, and the testimony of Doctor Harless that he gave Bryant only a physical examination, and no treatment and no advice, on December 14, 1962.

 Our review is limited to determining whether the commission could have reasonably based its findings and award on the evidence before it. In arriving at this determination, the guidelines that govern us have long been established. If there is competent and substantial evidence on which the commission bases its findings and award, and if they are not contrary to the law or clearly contrary to the overwhelming weight of the evidence, courts are bound to affirm. For, in these circumstances, they have no authority to substitute their own views for those of the commission on the credibility of the witnesses or to interfere with its action because it chose to believe the competent and substantial evidence supporting its findings and award and rejected competent and substantial evidence to the contrary. Greer v. Missouri State Highway Department, Mo.App., 362 S.W.2d 773, 778; Schmidt v. Rice-O'Neill Shoe Co., Mo.App., 226 S.W.2d 358, 362; Thacker v. Massman Construction Co., Mo., 247 S.W.2d 623, 627. Bryant does not assert that the findings of the commission on the conflicting evidence we have summarized are clearly contrary to the overwhelming weight of the evidence and that question is not in this case. In-

deed, on this record, such an assertion would be altogether meritless.

Accordingly, we must accept as the truth of this controversy the findings of the commission that the employer and self-insurer on December 10, 1962, authorized only a physical examination of Bryant for the purpose of obtaining a report for the information of its attorney, and no treatment, and that on December 14, 1962, he was given only a physical examination, and was furnished no treatment and given no advice, for the findings of fact the commission made, supported as they are by competent and substantial evidence, and not contrary to the overwhelming weight of the evidence, are conclusive on us on this appeal. Enyard v. Consolidated Underwriters, Mo.App., 390 S.W.2d 417, 423; Ousley v. Hawthorn Co., Division of Kellwood Co., Mo.App., 397 S.W.2d 719, 723. Confronted by the commission's conclusive findings of fact, the question presented to us by Bryant on this appeal is merely a question of law.

 Bryant contends that a physical examination, without more, for the information of the employer and self-insurer, is medical treatment and payment as defined by Sections 287.140 and 287.430, V.A.M.S. We cannot agree. Section 287.140, V.A.M.S. provides, as we have noticed, that *in addition to all other compensation,* the employer shall provide the employee with such medical, surgical and hospital treatment as may reasonably be required for the first ninety days after the injury or disability, *to cure and relieve from the effects of the injury,* and thereafter such additional similar treatment as the commission by special order may determine to be necessary. We have noticed that a special order is not a prerequisite if the employer voluntarily furnishes medical treatment after the lapse of the ninety day period and that the one year statute of limitations, Section 287.430, V.A.M.S., runs from the date of the last medical treatment. Thus the Workmen's Compensation Law provides not only for

money compensation to be paid by the employer to the employee for injuries sustained, but also that the employee is entitled to have medical treatment furnished to him by his employer. The right to such medical treatment is a part of the employee's "compensation" awarded to him by the clear provisions of the law itself, because the language used in Section 287.140, "[i]n addition to all other compensation", has the effect of classifying such medical treatment as "compensation" and payment on account of the injury. Parker v. St. Louis Car Co., Mo.App., 145 S.W.2d 482, 484. The Workmen's Compensation Law is explicit in declaring what compensation shall be paid an employee and we have discovered nothing in the law indicating that a mere physical examination of the sort the commission found was made here is to be classified as "compensation" and payment.

■ The St. Louis Court of Appeals has construed Sections 287.140 and 287.430 of the Workmen's Compensation Law in the same way. Lutman v. American Shoe Mach. Co., Mo.App., 151 S.W.2d 701, 709. There the claimant was given a physical examination and no medical treatment. He contended the mere physical examination was medical treatment and that it tolled the statute of limitations. The St. Louis Court of Appeals said "We would not be warranted in holding that an examination made by a doctor, for the purpose of diagnosis, constituted 'such medical, surgical, and hospital treatment * * * as may reasonably be required for the first ninety days after the injury or disability, to cure and relieve from the effects of the injury', as provided by Section 3311(a), R.S.Mo. 1929", now Section 287.140. "It is clear that the words 'examination' and 'treatment' have entirely different meanings. An examination is, of course, made for the purpose of diagnosing the condition complained of, after which the question of treatment arises. They are clearly two separate and distinct processes. The word 'treatment' has been defined as 'the act or manner of treating or applying remedies

to; the mode or course pursued for remedial purposes; as the treatment of a disease.' Lloyd's Encyclopedic Dictionary. To hold that 'examination' means 'medical, surgical or hospital treatment' would do violence to the plain and simple meanings of the words. When the Legislature said treatment 'to cure and relieve from the effects of the injury', we do not think it meant 'examination to diagnose a condition.' * * * The grouping of the words 'medical, surgical, and hospital treatment' by the Legislature shows plainly what the lawmakers had in mind, and clearly does not include mere diagnosis * * *. The above words, not being of a peculiar or technical nature, 'shall be taken in their plain or ordinary and usual sense'. Section 655, R.S.Mo.1939, * * *.'" Now Sec. 1.090 V.A.M.S.

■ We agree with the St. Louis Court of Appeals. But what ends this controversy is the decision of the Supreme Court en banc in Myers v. Cap Sheaf Bread Co., 354 Mo. 943, 950, 192 S.W.2d 503, 506. The court en banc had before it for consideration a divisional opinion written by Commissioner Westhues in a Workmen's Compensation case. In that opinion there was some language that Judge Hyde thought could be construed as meaning that a mere physical examination for the purpose of making a report to the insurer was, without more, medical treatment and payment within the meaning of Section 287.140, V.A.M.S., and tolled the statute of limitations as payment under Section 287.430, V.A.M.S. He wrote a separate concurring opinion in which he said "If the examination of claimant on October 9, 1941, was only for the purpose of making a report to the insurance company, I do not think it could be construed as furnishing medical treatment under Section 3701 (now Section 287.140, V.A.M.S.) so as to constitute a payment under Section 3727." (Now Sec. 287.430, V.A.M.S.) All of the judges sitting en banc concurred in this language of Judge Hyde's separate concurring opinion. The decision in Myers stands as an

absolute block in the way to Bryant's claim. The rulings in Myers and Lutman are not anomalies. Like rulings have been made in other jurisdictions. Sampson v. Thornton, 8 N.J. 415, 86 A.2d 117, 119; Rahder v. Industrial Commission, 105 Colo. 594, 100 P.2d 1043; Hunt v. Industrial Accident Commission, 43 Cal.App. 373, 185 P. 215, 216; Garden Farm Dairy et al. v. Dorchak et al., 102 Colo. 36, 70 P.2d 743, 744; Covert v. Industrial Commission of Ohio, 139 Ohio St. 401, 40 N.W.2d 672, 674; Larson's Workmen's Compensation Law, Vol. 2, Sec. 78.43(b), p. 271. On this record, as we must view it, Bryant was furnished no medical treatment or advice at all and the physical examination given him did not constitute payment tolling the statute of limitations under the authority of Myers and Lutman.

Bryant argues that there is language in Igoe v. Slaton Block Co., Mo.App., 329 S.W. 2d 39, that would support an opposite ruling. Sufficient it is to say that an opposite ruling would directly conflict with the decision of the Supreme Court en banc in Myers by which we are controlled. Art. V, Sec. 2, Const.Mo., V.A.M.S.

Accordingly, the judgment of the circuit court is reversed and the cause is remanded with the direction that it reinstate the commission's award.

All concur.

## ON MOTION FOR REHEARING, OR IN THE ALTERNATIVE, FOR TRANSFER TO THE SUPREME COURT

### PER CURIAM.

On motion for rehearing, or in the alternative, for transfer to the Supreme Court, Bryant claims that we should have considered whether Sec. 516.280 V.A.M.S. applies to this case. This section provides that "If any person, by absconding or concealing himself, *or by any other improper act,* prevents the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented." (Emphasis supplied.) He says that "The untimely filing of his claim should be excused because of the improper actions of fraud and concealment on the part of the employer, * * *". There is no merit in this claim.

█ In the first place, no such claim was raised in his brief by any sufficient point relied on as required by Civil Rule 83.05. His point relied on reads "The Trial Court Did Not Err in Holding That Respondent's Claim Was Filed Within the Time Prescribed by Law. (1) Because M.R.S.1959, § 287.430 is a limitation statute operating on the remedy and not on the right itself; therefore must be given a liberal interpretation with the thought in mind toward the public welfare." This point is wholly abstract and insufficient to present the question Bryant now undertakes to raise. Ambrose v. M.F.A. Co-operative Ass'n, Mo., 266 S.W.2d 647, 650; White v. Nelson, Mo.App., 283 S.W.2d 926, 927. Moreover, under this point he does not even cite Sec. 516.280, V.A.M.S. and in his argument on this point he does not even mention it.

In the second place, a re-examination of his testimony discloses no slightest suggestion that he was asserting he had been prevented from filing his claim within the time fixed by law by any "improper act" or fraud or concealment on the part of the employer or any one else.

█ In the third place, he made no such claim before the commission. In the written argument he submitted to the commission he said "For the purpose of this review, the sole question submitted to this Commission for consideration and determination, is whether or not the Petitioner filed his claim within the one year period of limitation, i. e., one year after the furnishing of medical aid or payment of benefits." This was the only question he presented and the

only question the commission decided. It is settled that questions which might have been presented to the commission to establish a case or defense cannot be litigated on appeal from its award where a party neglects to present and litigate them originally before the commission. Ferguson v. Ozark Distributing Company, 233 Mo.App. 68, 117 S.W.2d 399, 402; Phillips v. Air Reduction Sales Company, 337 Mo. 587, 85 S.W.2d 551, 559; De Puente v. Chevrolet-St. Louis Division of General Motors, Mo.App., 117 S.W.2d 641, 646; Nichols v. Davidson Hotel Company, Mo.App., 333 S.W.2d 536. This is an absolute bar to any consideration of Bryant's present claim.

The motion for rehearing, or in the alternative, for transfer to the Supreme Court is overruled.