**Harley Price WEBB, Appellant,**

v.

**ROSSVILLE HOME AND AUTO SUPPLY COMPANY, Appellee.**

Supreme Court of Tennessee.

Aug. 7, 1972.

**580**

Hargraves, Curtis & Powers, Chattanooga, for appellant.

Milligan, Hooper & Harris, Chattanooga, for appellee.

## OPINION

DYER, Chief Justice.

This is a workmen's compensation case, dismissed by the chancellor on the ground the one-year statute of limitations (T.C.A. § 50–1003) had run prior to the filing of the petition. In this opinion employee,

Harley Price Webb, will be referred to as such, and Rossville Home & Auto Supply Company as defendant.

The alleged injury occurred in August, 1969, and medical service was furnished and paid for by the defendant, all of which was completed over one year prior to the filing of the petition on June 4, 1971. Later when counsel for employee contacted defendant in regard to further benefits due from this injury, defendant requested employee be examined by a physician of defendant's choice for the purpose of evaluation and report. Employee submitted to this examination on September 28, 1970, and defendant paid the cost therefor.

The question for decision is whether the payment by the defendant of medical expense for an examination of employee made at the request of defendant for the sole purpose of evaluation and report operates to toll the one-year statute of limitations as to workmen's compensation actions.

The statute at issue is T.C.A. § 50–1003, which reads as follows:

The right to compensation under the Workmen's Compensation Law shall be forever barred, unless within one (1) year after the accident resulting in injury or death occurred the notice required by § 50–1002 is given the employer and a claim for compensation under the provisions of this law is filed with the tribunal having jurisdiction to hear and determine the matter; provided that, if within said one (1) year period voluntary payments of compensation are paid to the injured person or his dependents, an action to recover any unpaid portion of the compensation, payable under this law, may be instituted within one (1) year from the time the employer shall cease making such payments, except in those cases provided for by § 50–1024.

Under this statute in a number of cases this Court has held the voluntary payments by the employer or its insurance

carrier for medical expenses incurred for treatment resulting from a compensable injury will toll this statute of limitations. John Sevier Motor Co. v. Mullins, 205 Tenn. 227, 326 S.W.2d 441 (1959); Chandler v. Travelers Ins. Co., 212 Tenn. 199, 369 S.W.2d 390 (1963); City of Bristol v. Reed, 218 Tenn. 173, 402 S.W.2d 124 (1966); Fields v. Lowe Furniture Corp., 220 Tenn. 212, 415 S.W.2d 340 (1966); Brewer v. Pocahontas Fuel Co., 221 Tenn. 130, 425 S.W.2d 582 (1968); Sizemore v. E. T. Barwick Ind., Inc., Tenn., 465 S.W.2d 873 (1971). The rationale of this holding is as follows:

This statute by its own terms is tolled where the voluntary payments of compensation are made. The voluntary payments of medical expenses for the treatment of a compensable injury are equivalent to the payment of compensation and, therefore, tolls the statute.

In our cases on this issue, cited above, the payments of medical expenses tolling the statute were for treatment of the employee's compensable injury, which employer is, in fact, required to furnish by virtue of T.C.A. § 50–1004. The employee then received a benefit of substance which is equivalent to the payment of compensation within the meaning of T.C.A. § 50–1003. In the case at bar the payment of the medical expenses allegedly tolling the statute was for a physical examination for the information of defendant and employee was to receive no medical treatment. On this the issue of whether from this physical examination the employee received a benefit of substance that could be held to be equivalent to the payment of compensation tolling the statute, the case presents an issue of first impression in this state.

The majority of the courts in other jurisdictions hold that payment of medical expenses by the employer for visits of employee to employer's doctor for examination of the nature and extent of the injuries, the employee receiving no medical treatment or medicines, will not operate to toll the statute of limitations. Hunt v. Industrial Accident Commission, 43 Cal.App. 373, 185 P. 215 (1919); Garden Farm Dairy v. Dorchak, 102 Colo. 36, 76 P.2d 743 (1938); Sampson v. Thornton, 8 N.J. 415, 86 A.2d 117 (1952); Woodall v. Idaho Potato Processors, Inc., 91 Idaho 626, 428 P.2d 943 (1967); Bryant v. Montgomery Ward, 416 S.W.2d 195 (Mo.App.1967); 100 C.J.S. Workmen's Compensation § 439.

We think the point controlling the decision in this case is the fact employer, as a result of this physical examination requested and paid for by employer for the sole purpose of evaluating the alleged injuries, rendered no benefits to employee that could be construed to be the equivalent of the payment of compensation.

We hold the payment of medical expenses by the employer for the physical examination of employee, made for the sole purpose of evaluating the alleged injuries, if any, the employee receiving no medical treatment or medicine, as a result therefor, does not operate to toll the statute of limitations pursuant to T.C.A. § 50–1003.

The judgment of the lower court is affirmed.

CHATTIN and McCANLESS, JJ., and JENKINS, Special Judge, concur.

CRESON, J., not participating.