Samuel A. BARNHART, Appellant,

v.

TRIPLE AAA ADVERTISING CARRIERS INSURANCE COMPANY OF NORTH AMERICA, Respondent.

No. 34629.

Missouri Court of Appeals, St. Louis District, Div. No. 2.

Nov. 20, 1973.

Motion for Rehearing or Transfer Denied Dec. 7, 1973.

Application to Transfer Denied Feb. 11, 1974.

**312**

Charles B. Blackmar, St. Louis, for appellant.

Robertson, Ely & Wieland, St. Louis, for respondent.

CLEMENS, Judge.

Plaintiff-employee appeals from an adverse judgment in the circuit court affirming an order entered by the Industrial Commission. That order denied plaintiff's compensation claim for an injury suffered July 17, 1968 on the ground the claim filed August 19, 1969 was barred by the one-year statute of limitations, § 287.430, RSMo 1969, V.A.M.S.

At the hearing before the referee it was stipulated plaintiff had been bitten by a dog on July 17, 1968 while working for Triple AAA Advertising Carriers and that the Insurance Corporation of North America is their insurer. On July 30, 1968 plaintiff filed a report of the injury, was treated and returned to work. Plaintiff filed his claim for compensation August 19, 1969, 13 months after his injury.

A hearing was held before a referee, at which plaintiff appeared *pro se,* having elected to disregard advice that he retain an attorney. Defendants denied plaintiff had filed his claim within the time pre-

scribed by law. It was stipulated no compensation had been paid plaintiff but $96.-40 medical aid had been furnished. Medical treatment was terminated August 7, 1968.

The referee recommended that no compensation be awarded. The Industrial Commission made a final award denying compensation, finding plaintiff's claim was barred by the one-year statute of limitations. Plaintiff then applied for review by the circuit court. Again, despite advice to the contrary, plaintiff appeared *pro se.* On April 10, 1972 the circuit court affirmed the order of the Industrial Commission denying compensation. An appeal was taken to this court and on our own motion we appointed counsel for plaintiff and the case has been properly briefed.

 We find plaintiff has failed to show facts which would toll the statute of limitations. The applicable statute for Workmen's Compensation claims is § 287.-430, RSMo 1969, V.A.M.S.: "No proceeding for compensation under this chapter shall be maintained unless a claim therefore be filed with the commission within one year after the injury or death, or in case payments[1] have been made on account of the injury or death, within one year from the date of the last payment . . . ." Plaintiff was injured on July 17, 1968 and the record fails to show the employer furnished compensation payments or medical services after August 7, 1968. No claim was filed until August 19, 1969, more than one year after the date of injury and the last date of medical services furnished by his employer.

We find plaintiff's claim is barred by limitations, as the Industrial Commission found and the judgment is affirmed.

SMITH, P. J., and McMILLIAN, J., concur.

---

1. Medical service furnished by an employer constitutes "payment" and tolls the running of the statute. Bryant v. Montgomery Ward & Co., 416 S.W.2d 195 [1] (Mo.App.1967).