## CHARLES VICTOR SAMPSON, PETITIONER-APPELLEE, v. CHARLES F. THORNTON, RESPONDENT-APPELLANT.

Hunterdon County Court.

Decided November 6, 1950.

*Mr. St. Elmo Ferrara (Mr. Russell Fleming,* on the argument), for petitioner-appellee.

*Mr. Gerald T. Foley (Mr. Roland Vreeland,* on the argument), for respondent-appellant.

LANCE, J. C. C.   This is an appeal from a determination and judgment entered in the Workmen's Compensation Bureau, New Jersey Department of Labor, awarding compensation to the petitioner-appellee (hereinafter referred to as petitioner) under our Workmen's Compensation Act.

A single issue is involved.   Is the mere examination of an injured employee by a physician engaged by the employer's insurance carrier, without the rendering of any treatment, sufficient to toll the running of the period of limitation of our Workmen's Compensation Act?

The accident occurred October 19, 1946.   Temporary disability was paid from the date of the accident to December

30, 1946, and 1% of total as compensation for permanent disability was paid on June 3, 1947. This was the last money payment of compensation◦and was made well over two years prior to the filing of the claim petition. The claim petition was filed August 2, 1949.

The petitioner, however, in April, 1948, wrote a letter to the respondent's insurance carrier, complaining that his eye "was not right yet" and that he got great pain in his head at times. The letter further states: "Thought I would write to you and see if there could be something done about it before I give it to my counsel." The insurance carrier arranged for an examination of petitioner, which was made on June 11, 1948. Upon a reading of the transcript, I find that no treatment was given the petitioner and that petitioner himself so testified on more than one occasion, and I further find that the sole purpose of this examination was to furnish information as to the petitioner's condition to the insurance carrier.

*R. S.* 34:15-51 provides in part as follows:

"Every claimant for compensation * * * shall * * * file a petition * * * within two years after the date on which the accident occurred, or in case an agreement for compensation has been made between the employer and the claimant, then within two years after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation. * * * A payment, or agreement to pay by the insurance carrier, shall for the purpose of this section be deemed a payment or agreement by the employer * * *."

█ Thus, the Division of Workmen's Compensation has no jurisdiction to make an award unless the claim petition is filed:

1. within two years after the accident, or

2. within two years after the failure of the employer to make payment pursuant to agreement, or

3. within two years after the last payment of compensation.

In effect, petitioner argues that the examination of himself by the insurance carrier's doctor on June 11, 1948, constituted

for the purposes of *R. S.* 34:15–51 "the last payment of compensation" in the case; that, therefore, he falls within the third classification above set forth and that consequently his claim petition was filed within the requisite two-year period.

The furnishing of medical services to an employee by the employer or employer's carrier constitutes "payment of compensation" for the purpose of *R. S.* 34:15–51. It was so decided in *Donoher v. American Steel and Wire Co.,* 2 *N. J. Super.* 72, 64 *A.* 2d 622 (*App. Div.* 1949). The court there stated that the question appeared to be novel in this State.

In this decision New Jersey follows the majority view in the American states. "Where an employer or his insurance carrier has furnished or paid for medical and hospital services to an injured employee, it is generally held that this constitutes a payment of compensation, or a waiver which suspends the running of the time for filing a claim for compensation * * *." 58 *Am. Jur.* 580, *Workmen's Compensation,* § 417. See also 144 *A. L. R.* 617.

However, the instant case differs from the *Donoher case* in that no treatment was given but rather that there was merely an examination. Both petitioner and respondent concede that there is no New Jersey case in point, and it would appear that the problem has not crept into reported decisions with frequency elsewhere.

In *Hunt v. Industrial Accident Commission,* 43 *Cal. App.* 373, 185 *P.* 215 (1918), section 11 of the California Workmen's Compensation Act (*St.* 1917, *p.* 831) was construed. It provided that the payment or giving of compensation for injuries of the employee on the part of his employer extends the time within which an application for compensation should be filed. The court said: "While it is true that some seven months before the date of the filing of his application with the commission he went to his employer's physician, and that he went again several times thereafter at dates not given by him, he testifies that he received no treatment and no medicine at any of these visits; while as to the visit of March 15, 1919, it is clear that he was sent to the physician on that

occasion for an examination as to the nature and extent of his injuries in order that the claims agent of his employer might be able to determine the merits of his claim, and that upon that occasion no treatment was given or medicine supplied. There was therefore no service rendered which could be construed to amount to compensation under the provision of the Workmen's Compensation Act which would prolong the prescribed time for the filing of his claim." This case was decided early in the history of workmen's compensation legislation in this country.

A more recent case sets forth the public policy involved, in *Garden Farm Dairy v. Dorchak,* 102 *Colo.* 36, 76 *P.* 2d 743 (1938). The Colorado Workmen's Compensation Act (1935 *C. S. A., vol.* 3, *c.* 97, § 363) provides: "The right to compensation and benefits, as provided by this article, shall be barred unless within six months after the injury * * * a notice claiming compensation shall be filed with the commission. This limitation shall not apply to any claimant to whom compensation has been paid." Claimant failed to file within the six-months' period, but during this time, the insurance carrier of the employer procured a physician and surgeon to examine claimant, who neither gave nor suggested any treatment. The Colorado court said: "We think there is no showing of a payment of compensation which removes the bar of the statute. To hold that a mere examination of a claimant by a physician and surgeon employed by the insurance carrier, without treatment, is a furnishing of medical services in the sense that it constitutes payment of compensation which removes the bar of the statute, would force employers and insurance carriers to deny liability in all cases; because if they sought to obtain information through medical examination upon which to admit or deny liability, they would open the way for the filing of claims against them without any limitations as to time." Although it appears the effect of the payment of compensation under the Colorado statute is to toll indefinitely the running of the statutory period barring claims, whereas the effect of payment of com-

pensation under the New Jersey statute is to merely extend the running of the statutory period for an additional two years, nevertheless, the argument of public policy advanced by the Supreme Court of Colorado applies with equal vigor in the interpretation of our statute.

The employer and carrier are not estopped to invoke the provisions of *R. S.* 34:15–51. No statements or conduct by either are disclosed upon which petitioner might have relied, and by reason of which reliance, he failed to file in time.

The judgment entered in the Workmen's Compensation Bureau will be reversed.